**EXHIBIT "A"**

**RASi** REGISTERED AGENT SOLUTIONS INC

<u>**NOTICE OF CONFIDENTIALITY**</u>

July 17, 2020

To:          Sequium Asset Solutions, LLC
             Registered Agent Solutions, Inc.
             222 Jefferson Blvd, Suite 200
             Warwick, RI 02888

Subject:     Notice of Pending Superior Court Action

Dear Sequium Asset Solutions, LLC,

The attached complaint was filed against Sequium Asset Solutions, LLC in Rhode Island Superior Court.  Find also enclosed a summons, four language assistance notices, and my first set of discovery requests in this matter.  Please contact me via email so that we can resolve this matter.

Sincerely,

Christopher M Laccinole
23 Othmar St.
Narragansett, Rhode Island 02882
chrislaccinole@gmail.com


Encl:  (1) Summons
       (2) Complaint with Exhibit A and B
       (3) Four Language Assistance Notices
       (4) Plaintiff's First Set of Combined Requests for Production, and Requests for
Admission with Exhibit 1 and 2

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>WC-2020-0285 |
| **Plaintiff**<br>Christopher Laccinole<br><br>v.<br>Sequium Asset Solutions, LLC et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Christopher Laccinole |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>23 Othmar St<br>Narragansett RI 02882 |
| McGrath Judicial Complex<br>Washington County<br>4800 Tower Hill Road<br>Wakefield RI 02879<br>(401) 782-4121 | **Address of the Defendant**<br>Registered Agent Solutions Inc<br>222 Jefferson Boulevard Suite 200<br>Warwick RI 02888 |

**TO THE DEFENDANT, Sequium Asset Solutions, Llc:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 7/17/2020. | /s/ Danielle Keegan<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 7/16/2020 7:29 AM
Envelope: 2665178
Reviewer: Danielle K.

Case 1:20-cv-00359-WES-PAS   Document 2-1   Filed 08/17/20   Page 5 of 116 PageID #: 127

**STATE OF RHODE ISLAND**        **SUPERIOR COURT**
**WASHINGTON COUNTY**

**CHRISTOPHER LACCINOLE**        **C.A. No.:**
*Plaintiff*

**Vs.**

**Sequium Asset Solutions, LLC,**        **JURY TRIAL REQUESTED**
**&**
**GREGORY E. SCHUBERT,**
**&**
**SHANTAL JACKSON,**
**&**
**Does 1-10 Inclusive;**
*Defendants*

## COMPLAINT

## I. INTRODUCTION

This is a civil action seeking remedy for criminal violations under multiple federal

and state consumer protection statutes. Plaintiff, a consumer, was harassed by debt

collectors with robocalls for a debt he never owed. Plaintiff is an identity theft victim and is

regularly harassed by companies like Sequium Asset Solutions, LLC ("Sequium") who seek

to profit from the misery of consumers who are trapped in the web of identity theft. Plaintiff

had to send Sequium a certified letter telling Sequim not to call Plaintiff because Sequium

had the wrong number. Plaintiff also asked Sequium to validate any debt alleged to be

owed and Sequium refused to validate any debt. Plaintiff doesn't owe Sequium any money

and he doesn't have any account or any business relationship with Sequium whatsoever.

Sequium has a long history of harassing consumers who don't owe them money. As of the

time of filing of this Complaint, the Better Business Bureau lists 447 complaints for Sequium

1

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 7/16/2020 7:29 AM
Envelope: 2665178
Reviewer: Danielle K.

in the last three years.[1]  The Consumer Financial Protection Bureau has received over 525 complaints about Sequium.  Federal Court records at Pacer.gov indicate that Sequium has been sued in federal courts over 60 times in just the last three years for consumer protection violations.  Gregory Schubert ("Schubert") is the President of Sequium, and he manages Sequium's illicit operations.  Shantal Jackson ("Jackson") is the Sequium Corporate Compliance Officer who ensures compliance (or lack thereof) with state and federal law for Sequium.  Since 2016, Schubert filed paperwork in Rhode Island soliciting the right to collect debt.

This case also raises multiple criminal issues.  Neither Sequium, nor Schubert, nor Jackson is registered to collect debt in the State of Rhode Island as required by RIGL § 19-14.9-12.  The Rhode Island Fair Debt Collection Practices Act criminalizes unregistered debt collection with fines and imprisonment for up to one year.[2]

Sequium's concerted criminal conduct in Rhode Island, spanning at least five years, constitutes unlawful debt collection and racketeering.  The Rhode Island Racketeer Influenced and Corrupt Organizations Act (RICO) provides for substantial criminal and civil asset forfeiture in addition to cumulative remedies.[3]

1.    The Plaintiff brings this action alleging that the Defendants Sequium, Schubert, Jackson, and Does 1-10 engaged in harassing, abusive, and prohibited conduct while attempting to collect an alleged debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA"), and the Rhode

---

[1] https://www.bbb.org/us/ga/marietta/profile/collections-agencies/sequium-asset-solutions-llc-0443-27710559; Accessed July 14, 2020.
[2] See RIGL § 19-14.9-13(1).
[3] See RIGL § 7-15 *et seq*.

2

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 7/16/2020 7:29 AM
Envelope: 2665178
Reviewer: Danielle K.

Island Fair Debt Collection Practices Act, RIGL § 19-14.9, *et seq.* (hereinafter "RI

FDCPA"). The Plaintiff seeks statutory damages, actual damages, injunctive relief,

costs, and attorney's fees for each Defendant under the FDCPA, TCPA, RIFDCPA,

and RIGL § 9-30-2.

2. The Plaintiff also alleges that Defendants' conduct while attempting to collect the

alleged debt constituted a deceptive practice in violation of the Rhode Island

Deceptive Trade Practices Act, RIGL § 6-13.1 *et seq.* (hereinafter "DTPA"). The

Plaintiff seeks statutory damages, actual damages, costs, attorney's fees, injunctive

relief, and punitive damages for each Defendant under the DTPA.

3. The Plaintiff also alleges that Defendants' conduct violated Plaintiff's right to privacy

under RIGL § 9-1-28.1 *et seq.* The Plaintiff seeks actual damages, costs, attorney's

fees, and injunctive relief from each Defendant under the statute.

4. Plaintiff seeks Declaratory Relief under the Rhode Island Uniform Declaratory

Judgments Act (RIGL § 9-30-1) that Defendants cannot collect debt in Rhode Island

without being registered as a debt collector with the Rhode Island Department of

Business Regulation.

5. The Plaintiff also alleges that Defendants' conduct violates Rhode Island's RICO Act

at RIGL § 7-15 *et seq.* Plaintiff seeks injunctive relief to include divestiture and

dissolution of Defendants' scheme. Plaintiff further seeks treble damages, costs, and

attorney fees.

6. The Plaintiff also alleges that he is a victim of Defendants' crimes and offenses.

Plaintiff seeks damages under RIGL § 9-1-2 for civil liability for crimes and offenses.

7. Any violations by Defendants were knowing, willful, intentional, and Defendants

3

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 7/16/2020 7:29 AM
Envelope: 2665178
Reviewer: Danielle K.

Case 1:20-cv-00359-WES-PAS    Document 2-1    Filed 08/17/20    Page 8 of 116 PageID
#: 130

did not maintain procedures reasonably adapted to avoid any such violation.

## II. JURISDICTION AND VENUE

8.    This Court has jurisdiction to hear FDCPA claims pursuant to 15 U.S.C. §
1692(k)(d).

9.    This Court has jurisdiction to hear the TCPA claims in this matter pursuant to 47
U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5).

10.    This Court has jurisdiction to hear RI FDCPA claims pursuant to RIGL § 19-14.9-
13(5).

11.    This Court has jurisdiction to hear RI DTPA claims pursuant to RIGL § 6-13.1-5.2.

12.    This Court has jurisdiction to hear the Uniform Declaratory Judgments Act claims
pursuant to RIGL § 9-30-1.

13.    This Court has jurisdiction to hear the RICO claims pursuant to RIGL § 7-15-4.

14.    This Court has jurisdiction to hear the civil liability claims pursuant to RIGL § 9-1-2.

15.    The Plaintiff is a resident of this County and the conduct complained of took place in
this County.

## III. PARTIES

16.    The Plaintiff is an adult resident, of the Town of Narragansett, County of
Washington, State of Rhode Island.

17.    Plaintiff has never had a business relationship with Sequium.

18.    Plaintiff is a consumer as that term is defined by 15 USC § 1692a(3).

19.    Plaintiff is a consumer as that term is defined by RIGL § 19-14.9-3(1).

20.    Plaintiff is a person as that term is defined or referenced by 15 USC § 1692d.

21.    Plaintiff is a person as that term is defined or referenced by RIGL § 19-14.9-6.

4

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 7/16/2020 7:29 AM
Envelope: 2665178
Reviewer: Danielle K.

Case 1:20-cv-00359-WES-PAS    Document 2-1    Filed 08/17/20    Page 9 of 116 PageID #: 131

22. Plaintiff is a person as that term is defined or referenced by RIGL § 6-13.1-5.2, RIGL § 9-1-28.1.

23. As a consumer, Plaintiff purchased a cellular telephone for personal and household use.

24. In purchasing his cellular telephone and cellular telephone service, Plaintiff—as a natural person—became obligated or allegedly obligated to pay a debt to the cellular telephone service provider.

25. Plaintiff's cellular telephone has a limited minutes plan, so that when Sequium calls Plaintiff, it depletes the minutes on Plaintiff's plan.

26. Upon information and belief, Defendant Sequium is a national collection agency formed and headquartered in the State of Georgia.

27. The principal purpose of Sequium is the collection of debts using the mails and telephone and other means.

28. Sequium regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

29. Sequium is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

30. Sequium is a "debt collector" as that term is defined by RIGL § 19-14.9-3 (5).

31. Sequium operates as a debt collector in the State of Rhode Island, and is not registered through the Rhode Island Department of Business Regulations to conduct business in the State of Rhode Island.

32. Upon information and belief, Sequium may be served upon its registered agent in the

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 7/16/2020 7:29 AM
Envelope: 2665178
Reviewer: Danielle K.

State of Rhode Island, to wit: Registered Agent Solutions, Inc., 222 Jefferson Boulevard, Suite 200, Warwick, RI 02888.

33. Gregory Schubert is a natural person who works in Georgia.

34. Schubert is the President of Sequium.

35. Upon information and belief, Schubert directs Sequium company policies. Schubert directly or indirectly instructed the employees of Sequium to act in the manner they acted when attempting collections from Plaintiff as described in the paragraphs herein.

36. Schubert regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

37. Schubert uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

38. Schubert is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and is a "debt collector" as that term is defined by RIGL § 19-14.9-3 (5).

39. Schubert can be served wherever he may be found in accordance with Rhode Island or Georgia law.

40. In 2016, 2017, 2018 and 2019, Schubert reported to the Rhode Island Secretary of State that Sequium was engaged in collection efforts in the State of Rhode Island. (See Exhibit A for Sequium filings in 2016, 2017, 2018 and 2019—all of which were signed by Gregory Schubert).

41. Shantal Jackson is a natural person who works in Georgia.

Case Number: WC-2020-0265
Filed in Washington County Superior Court
Submitted: 7/16/2020 7:29 AM
Envelope: 2665178
Reviewer: Danielle K.

Case 1:20-cv-00359-WES-PAS   Document 2-1   Filed 08/17/20   Page 11 of 116 PageID #: 133

42. Jackson is a Corporate Compliance Officer who works for Sequium.

43. Upon information and belief, Jackson acts on behalf of Sequium before other State Governments, including but not limited to the State of Texas. Jackson directly or indirectly instructed the employees of Sequium to act in the manner they acted when attempting collections in Rhode Island as described in the paragraphs herein.

44. Jackson regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

45. Jackson engages in soliciting the right to collect or receive payment for another of an account, bill, or other indebtedness, or advertise for or solicit in print the right to collect or receive payment for another of an account, bill, or other indebtedness.

46. Jackson uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

47. Jackson is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and is a "debt collector" as that term is defined by RIGL § 19-14.9-3 (5).

48. Jackson can be served wherever she may be found in accordance with Rhode Island or Georgia law.

49. In 2018, 2019, and 2020, Jackson submitted annual reports to the Public Utility Commission of Texas the autodial telephone system that Sequium uses to collect debt. (See Exhibit B for Sequium Autodial reports—all of which were signed by Shantal Jackson).

50. Other defendants may be discovered in the course of litigation, and Plaintiff

7

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 7/16/2020 7:29 AM
Envelope: 2665178
Reviewer: Danielle K.

respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## IV. FACTUAL ALLEGATIONS

51. At all times relevant to this Complaint, Defendants were engaged in the business of regularly collecting Debts, originally owed to third parties.

52. At all times relevant to this Complaint, Defendants acted as "Debt Collectors" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6), and the RI FDCPA at RIGL § 19-14.9-3.

53. Plaintiff does not owe any Defendant any money.

54. Sequium acted at all times mentioned herein through its employee(s), including but not limited to Gregory Schubert, and Shantal Jackson.

55. In 2019, Plaintiff purchased a phone and prepaid phone service plan.

56. As part of the plan that Plaintiff purchased, there are a limited number of minutes available on the plan.

57. On March 23, 2020, Plaintiff received a call from 401 406 5025.

58. When Plaintiff answered the call, there was dead air for eleven (11) seconds before Plaintiff heard a click and then an operator started talking.

59. The operator identified herself as "Sequium Asset Solutions."

60. The operator asked to speak to "Cheryl Eckhart."

61. Plaintiff does not know anyone named Cheryl Eckhart or anyone with a name that sounds like Cheryl Eckhart.

62. Plaintiff subsequently discovered that Sequium Asset Solutions is a debt collector.

63. Sequium continued to call Plaintiff.

8

Case Number: WC-2020-0265
Filed in Washington County Superior Court
Submitted: 7/16/2020 7:29 AM
Envelope: 2665178
Reviewer: Danielle K.

Case 1:20-cv-00359-WES-PAS   Document 2-1   Filed 08/17/20   Page 13 of 116 PageID #: 135

64. During several of the calls when Sequium called Plaintiff, Plaintiff would answer the call and there would not be anyone on the other end of the line for 5 seconds or more until the operator joined the call.

65. On March 28, 2020, Plaintiff sent a certified letter (return receipt requested) to Sequium Asset Solutions at 1130 Northchase Parkway, Suite 150, Marietta, GA 30067.

66. In Plaintiff's letter, Plaintiff provided his name, telephone number, and full mailing address.

67. In Plaintiff's letter, he stated, *"All calls are inconvenient. Please don't call me. You have the wrong number."*

68. Sequium received and signed for Plaintiff's letter on April 6, 2020.

69. Upon information and belief, Defendants employ an automated telephone dialing system because there was no human on the other end of the call for eleven seconds during several of these calls. The further evidence of this system is that during some of the calls, Plaintiff heard an audible click followed by a pause and then an operator joined the call.

70. The further evidence of this automated telephone dialing system is that Sequium Asset Solutions, LLC, and Shantal Jackson both applied and obtained a permit for Sequium's autodialing system with the State of Texas Public Utilities Commission through the State's Automatic Dial Announcing Device Permit Process. See Exhibit B for Defendants' permit with the State of Texas.

71. Upon information and belief, Sequium uses the phone number 401 406 5025 to contact consumers such as Plaintiff.

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 7/16/2020 7:29 AM
Envelope: 2665178
Reviewer: Danielle K.

Case 1:20-cv-00359-WES-PAS   Document 2-1   Filed 08/17/20   Page 14 of 116 PageID #: 136

72.  Upon information and belief, Sequium uses the phone number 401 406 5744 to contact consumers such as Plaintiff.

73.  Upon information and belief, Sequium uses the phone number 401 406 5846 to contact consumers such as Plaintiff.

74.  Plaintiff does not have an account with Sequium.

75.  Plaintiff has no pre-existing business relationship with Sequium and never requested by an agreement or otherwise that he be contacted.

76.  In the letter that Plaintiff sent to Sequium, Plaintiff disputed any debt, and Plaintiff asked Sequium to validate any debt.

77.  Sequium never validated any debt to Plaintiff.

78.  Plaintiff never provided his consent to Sequium to be contacted on his cellular telephone.

79.  Plaintiff's phone number is part of the national Do Not Call registry.

80.  Sequium's calls directly interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff a significant amount of anxiety, frustration and annoyance.

81.  It is unfair for Sequium to call Plaintiff and depleting the minutes in Plaintiff's cell phone plan when Sequium did not have consent to call Plaintiff.

82.  During all of Sequium's communications with Plaintiff, Sequium never disclosed that the debt was in dispute.

83.  The telephone calls to Plaintiff's cellular telephone number were not initiated for an emergency purpose.

84.  The robocalls were annoying, abusive, and harassing to Plaintiff.

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 7/16/2020 7:29 AM
Envelope: 2665178
Reviewer: Danielle K.

Case 1:20-cv-00359-WES-PAS   Document 2-1   Filed 08/17/20   Page 15 of 116 PageID #: 137

85. The robocalls to Plaintiff invaded the privacy interests that the TCPA was intended to protect.

86. Defendants do not maintain a written policy for maintaining a do-not-call list.

87. Defendants have not informed and trained personnel engaged in making calls on the use of the do-not-call list.

88. Plaintiff incurred damages as a result of Defendants' unlawful conduct.

89. Defendants' phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

90. Defendants' phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

91. Defendants' phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

92. Defendants' phone calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

93. Defendants harassed Plaintiff by incessantly calling Plaintiff's telephone.

94. Defendants' phone calls harmed Plaintiff by causing Plaintiff aggravation and annoyance.

95. Defendants' phone calls harmed Plaintiff by wasting Plaintiff's time.

96. Defendants' phone calls harmed Plaintiff by depleting the battery life on Plaintiff's cellular telephone.

97. Defendants' phone calls harmed Plaintiff by using minutes allocated to Plaintiff by Plaintiff's cellular telephone service provider.

98. Defendants' phone calls harmed Plaintiff by using data storage space in Plaintiff's cellular telephone.

11

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 7/16/2020 7:29 AM
Envelope: 2665178
Reviewer: Danielle K.

Case 1:20-cv-00359-WES-PAS    Document 2-1    Filed 08/17/20    Page 16 of 116 PageID #: 138

99.  At all times relevant to this Complaint, Defendants were subject to the Rhode Island FDCPA registration requirement at RIGL § 19-14.9-12.

100.  When the Defendants used at least three different Rhode Island phone numbers to contact Plaintiff, Sequium was not registered with the Rhode Island Department of Business Regulation to engage in the business of collecting or receiving payment for a debt in Rhode Island.

101.  In the year preceding the filing of this lawsuit, Sequium was not registered with the Rhode Island Department of Business Regulation to engage in the business of debt collection in Rhode Island.

102.  Sequium's failure to be registered means it failed to comply with the registration requirements contained in Rhode Island General Law 19-14.9-12.

103.  Because it failed to submit itself to the registration process, the State of Rhode Island was deprived of its authority to determine the suitability of Sequium to engage in the business of collecting or receiving payment for debts in Rhode Island from Rhode Island residents.

104.  Where Rhode Island criminalizes unregistered debt collection at RIGL § 19-14.9-13, the activities of Sequium, Gregory Schubert, and Shantal Jackson constitute criminal acts.

105.  Defendants repeatedly called Plaintiff in violation of federal and state laws in a pattern of unlawful debt collection.

106.  Sequium, Gregory Schubert, and Shantal Jackson engaged in an enterprise of a racketeering activity through collection of an unlawful debt to directly or indirectly acquire or maintain interest in or control of their enterprise.

12

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 7/16/2020 7:29 AM
Envelope: 2665178
Reviewer: Danielle K.

107. Sequium's employees (including but not limited to Gregory Schubert and Shantal Jackson) participated in the conduct of the affairs of the enterprise through racketeering activity or collection of an unlawful debt.

## V. STATUTORY STRUCTURE RHODE ISLAND FDCPA

108. The Rhode Island Fair Debt Collection Practices Act ("RI FDCPA") was passed by the Rhode Island General Assembly to establish standards, by defining unfair or deceptive acts or practices, for the collection of debts from Rhode Island consumers, and to establish requirements for the registering and supervision of debt collection. RIGL § 19-14.9-2.

109. Under the RI FDCPA, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. RIGL § 19-14.9-5(1).

110. Under the RI FDCPA, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer. RIGL § 19-14.9-5(2).

111. Under the RI FDCPA, if a consumer notifies a debt collector in writing that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt. RIGL § 19-14.9-5(2).

112. Under the RI FDCPA, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with

Case Number: WC-2020-0265
Filed in Washington County Superior Court
Submitted: 7/16/2020 7:29 AM
Envelope: 2665178
Reviewer: Danielle K.

the collection of a debt. RIGL § 19-14.9-6.

113.    Under the RI FDCPA, a debt collector may not cause a telephone to ring or engage

any person in telephone conversation repeatedly or continuously with intent to

annoy, abuse, or harass any person at the called number. RIGL § 19-14.9-6(d).

114.    Under the RI FDCPA, a debt collector may not use any false, deceptive, or

misleading representation or means in connection with the collection of any debt.

RIGL § 19-14.9-7.

115.    Under the RI FDCPA, a debt collector may not use unfair or unconscionable means

to collect or attempt to collect any debt. RIGL § 19-14.9-8.

116.    Under the RI FDCPA, within five days after the initial communication with a

consumer in connection with the collection of any debt, a debt collector shall, unless

the following information is contained in the initial communication or the consumer

has paid the debt, send the consumer a written notice containing—

(a) the amount of the debt;

(b) the name of the creditor to whom the debt is owed;

(c) a statement that unless the consumer, within thirty days after receipt of the

notice, disputes the validity of the debt, or any portion thereof, the debt will

be assumed to be valid by the debt collector;

(d) a statement that if the consumer notifies the debt collector in writing

within the thirty-day period that the debt, or any portion thereof, is disputed,

the debt collector will obtain verification of the debt or a copy of a judgment

against the consumer and a copy of such verification or judgment will be

mailed to the consumer by the debt collector; and

14

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 7/16/2020 7:29 AM
Envelope: 2665178
Reviewer: Danielle K.

Case 1:20-cv-00359-WES-PAS   Document 2-1   Filed 08/17/20   Page 19 of 116 PageID #: 141

(e) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

RIGL § 19-14.9-9 (1).

117. Under the RI FDCPA, if the consumer notifies the debt collector in writing within the thirty-day period described in subsection (1)(d) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

RIGL § 19-14.9-9 (2).

118. Under the RI FDCPA, the persons engaging in the collection of debts on behalf of another must register by submitting a written application form to the State of Rhode Island. RIGL § 19-14.9-12.

119. Under the RI FDCPA, any person who engages in the business of a debt collector without a registration as required by § 19-14.9-12 of this chapter, shall, upon conviction, be fined not more than two thousand dollars ($2,000) or imprisoned not more than one year, or both. RIGL § 19-14.9-13(1).

120. Under the RI FDCPA, any debt collector who fails to comply with the provisions of the RI FDCPA is liable for any actual damages sustained; statutory damages up to $1,000; attorney fees as determined by the Court and costs of this action. RIGL § 19-

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 7/16/2020 7:29 AM
Envelope: 2665178
Reviewer: Danielle K.

14.9-13.

## VI. STATUTORY STRUCTURE FDCPA

121. The Fair Debt Collection Practices Act ("FDCPA") was passed by Congress to eliminate abusive debt collection practices by debt collectors. 15 U.S.C.§ 1692.

122. Under the FDCPA, a debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. 15 U.S.C. § 1692c(a)(1).

123. Under the FDCPA, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer. 15 U.S.C. § 1692c(b).

124. Under the FDCPA, if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt. 15 U.S.C. § 1692c(c).

125. Under the FDCPA, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692d.

126. Under the FDCPA, a debt collector may not cause a telephone to ring or engage any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. 15 U.S.C. § 1692d(5).

127. Under the FDCPA, a debt collector may not use any false, deceptive, or misleading

16

Case Number: WC-2020-0295
Filed in Washington County Superior Court
Submitted: 7/16/2020 7:29 AM
Envelope: 2665178
Reviewer: Danielle K.

representation or means in connection with the collection of any debt. 15 U.S.C. §

1692e.

128. Under the FDCPA, a debt collector may not use unfair or unconscionable means to

collect or attempt to collect any debt. 15 U.S.C. § 1692f.

129. Under the FDCPA, within five days after the initial communication with a consumer

in connection with the collection of any debt, a debt collector shall, unless the

following information is contained in the initial communication or the consumer has

paid the debt, send the consumer a written notice containing—

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
>
> 15 U.S.C. § 1692g(a).

130. Under the FDCPA, if the consumer notifies the debt collector in writing within the

thirty-day period described in subsection (a) that the debt, or any portion thereof, is

disputed, or that the consumer requests the name and address of the original creditor,

the debt collector shall cease collection of the debt, or any disputed portion thereof,

until the debt collector obtains verification of the debt or a copy of a judgment, or the

name and address of the original creditor, and a copy of such verification or

judgment, or name and address of the original creditor, is mailed to the consumer by

the debt collector. Collection activities and communications that do not otherwise

17

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 7/16/2020 7:29 AM
Envelope: 2665178
Reviewer: Danielle K.

Case 1:20-cv-00359-WES-PAS    Document 2-1    Filed 08/17/20    Page 22 of 116 PageID #: 144

violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g(b).

131. Under the FDCPA, any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained; statutory damages up to $1,000; attorneys' fees and costs of this action. 15 U.S.C. § 1692k.

## VII. STATUTORY STRUCTURE RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT

132. The Rhode Island Deceptive Trade Practices Act was passed to declare as unlawful the "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RIGL § 6-13.1-2.

133. Under the Rhode Island Deceptive Trade Practices Act, a "person" means natural persons, corporations, and any other legal entity. RIGL § 6-13.1-1 (3).

134. Under the Rhode Island Deceptive Trade Practices Act, "trade" and "commerce" mean the sale or distribution of any services and any property, tangible or intangible, real, personal, or mixed, and any other article, commodity, or thing of value wherever situate, and include any trade or commerce directly or indirectly affecting the people of Rhode Island. RIGL § 6-13.1-1 (5).

135. Under the Rhode Island Deceptive Trade Practices Act, unfair methods of

18

Case Number: WC-2020-0280
Filed in Washington County Superior Court
Submitted: 7/16/2020 7:29 AM
Envelope: 2665178
Reviewer: Danielle K.

Case 1:20-cv-00359-WES-PAS   Document 2-1   Filed 08/17/20   Page 23 of 116 PageID #: 145

competition and unfair or deceptive acts or practices include (but are not limited to) any one or more of the following:

   a. Engaging in any other conduct that similarly creates a likelihood of confusion or of misunderstanding [RIGL § 6-13.1-1 (6) (xii)].
   b. Engaging in any act or practice that is unfair or deceptive to the consumer [RIGL § 6-13.1-1 (6) (xiii)].
   c. Using any other methods, acts or practices which mislead or deceive members of the public in a material respect [RIGL § 6-13.1-1 (6) (xiv)].

136. The Rhode Island Deceptive Trade Practices Act does not define consumer. RIGL § 6-13.1-1.

137. The remedies available under the Rhode Island Deceptive Trade Practices Act are available to "any person" and are not limited to consumers. RIGL § 6-13.1-5.2.

138. The remedies available under the Rhode Island Deceptive Trade Practices Act are available to "any person" and do not require a vendor-consumer relationship. RIGL § 6-13.1-5.2.

139. Under the Rhode Island Deceptive Trade Practices Act, any person who purchases or leases goods or services primarily for personal, family, or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act, or practice declared unlawful by § 6-13.1-2, may bring an action under the rules of civil procedure in the superior court of the county in which the seller or lessor resides; is found; has his or her principal place of business or is doing business; or in the superior court of the county as is otherwise provided by law, to recover actual damages or two hundred dollars ($200), whichever is greater. The court may, in its discretion, award punitive damages and may provide other equitable relief that it deems necessary or proper.. RIGL § 6-13.1-5.2(a).

Case Number: WC-2020-0295
Filed in Washington County Superior Court
Submitted: 7/16/2020 7:29 AM
Envelope: 2665178
Reviewer: Danielle K.

Case 1:20-cv-00359-WES-PAS   Document 2-1   Filed 08/17/20   Page 24 of 116 PageID #: 146

## VIII. STATUTORY STRUCTURE RIGHT TO PRIVACY

140. Under RIGL § 9-1-28.1, it is the policy of this state that every person in this state shall have a right to privacy which shall be defined to include, *inter alia*, the right to be secure from unreasonable intrusion upon one's physical solitude or seclusion.

### COUNT I - Telephone Consumer Protection Act – 47 U.S.C. § 227(b)(3)

141. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

142. Defendants' violations of the TCPA include, but are not limited to, the following:

   a. Making and/or initiating a telephone call using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

   b. 47 CFR § 64.1200(a)(1)(iii)

143. As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

144. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

   1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
   2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
   3) Declaratory Relief that Defendant violated the TCPA.
   4) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
   5) Referral to the Rhode Island Attorney General for prosecution under 47

20

Case Number: WC-2020-0265
Filed in Washington County Superior Court
Submitted: 7/16/2020 7:29 AM
Envelope: 2665178
Reviewer: Danielle K.

U.S.C. § 227(g).

6) Such other relief as the Court may deem just and appropriate.

## COUNT II - Telephone Consumer Protection Act– 47 U.S.C. § 227(c)(5)

145. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

146. Defendants' violations of the TCPA include, but are not limited to, the following:

    i.    Violations of 47 CFR 64.1200

    ii.    Violations of the requirements pursuant to 47 U.S.C. § 227(c)

147. As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

148. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Declaratory Relief that Defendant violated the TCPA.
4) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
5) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
6) Such other relief as the Court may deem just and appropriate.

## COUNT III – RHODE ISLAND DTPA

149. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

150. Defendants violated the restrictions the RI DTPA imposes on them prohibiting

Case Number: WC-2020-0295
Filed in Washington County Superior Court
Submitted: 7/16/2020 7:29 AM
Envelope: 2665178
Reviewer: Danielle K.

Case 1:20-cv-00359-WES-PAS    Document 2-1    Filed 08/17/20    Page 26 of 116 PageID
#: 148

Defendants from using unfair and deceptive practices in violation of Rhode Island General Law § 6-13.1 *et seq.*

151.    Defendants engaged in false representation or deceptive means to obtain money from a consumer.

152.    Defendants engaged in criminal means to obtain money from a consumer.

153.    By calling Plaintiff's personal cellular telephone repeatedly, Defendants caused Plaintiff to incur charges to his personal cellular telephone plan, and depleted the minutes available in his plan.

154.    Defendants' actions were unfair to Plaintiff where Plaintiff had to go out of his way to tell Defendants to stop calling him and to stop the charges from Sequium to accrue to Plaintiff's cellular telephone plan.

155.    Defendants' actions or transactions are not permitted by the Rhode Island department of business regulation.

156.    As a result of such conduct and actions, the Plaintiff has suffered actual damages, in an amount to be determined by the court, and he may recover therefore pursuant to Rhode Island General Law § 6-13.1-5.2.

157.    Such conduct and actions of Defendants were criminal, willful, egregious, wicked, and, as a result, the Plaintiff is entitled to punitive damages pursuant to Rhode Island General Law § 6-13.1-5.2.

158.    The Plaintiff is entitled to an award of attorney's fees pursuant to Rhode Island General Law § 6-13.1-5.2.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1)    Actual Damages pursuant to RIGL § 6-13.1-5.2;
2)    Statutory Damages against Defendants in the amount of $200 for each

22

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 7/16/2020 7:29 AM
Envelope: 2665178
Reviewer: Danielle K.

Case 1:20-cv-00359-WES-PAS   Document 2-1   Filed 08/17/20   Page 27 of 116 PageID #: 149

violation of the Rhode Island Deceptive Trade Practices Act pursuant to RIGL § 6-13.1-5.2;

3) Punitive Damages pursuant to RIGL § 6-13.1-5.2;

4) Costs and attorney fees pursuant to RIGL § 6-13.1-5.2;

5) Declaratory Relief that Defendants violated the Rhode Island Deceptive Trade Practices Act;

6) Injunctive Relief to refer the Court's findings to the Rhode Island Attorney General for prosecution and forfeiture under RIGL § 6-13.1-5, RIGL § 6-13.1-5.2(c), RIGL § 6-13.1-7, and RIGL § 6-13.1-9.

7) Such other relief as the Court may deem just and appropriate.

## COUNT IV – RIGHT TO PRIVACY

159. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

160. Defendants violated the restrictions the privacy statute imposes on them prohibiting Defendants from invading Plaintiff's privacy in violation of Rhode Island General Law § 9-1-28.1 *et seq.*

161. As a result of such conduct and actions, the Plaintiff has suffered actual damages, in an amount to be determined pursuant to Rhode Island General Law § 9-1-28.1.

162. The Plaintiff is entitled to an award of attorney's fees pursuant to Rhode Island General Law § 9-1-28.1.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 9-1-28.1;

2) Costs and attorney fees pursuant to RIGL § 9-1-28.1;

3) Declaratory Relief that Defendants invaded Plaintiff's privacy.

4) Injunctive Relief to restrain and enjoin Defendants from violating Plaintiff's privacy.

5) Such other relief as the Court may deem just and appropriate.

## COUNT V - Federal FDCPA – Abuse and Harassment

163. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

23

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 7/16/2020 7:29 AM
Envelope: 2665178
Reviewer: Danielle K.

Case 1:20-cv-00359-WES-PAS    Document 2-1    Filed 08/17/20    Page 28 of 116 PageID #: 150

164.   Defendants violated the restrictions the FDCPA imposes on them prohibiting Defendants from abusing and harassing persons.

165.   The restrictions are codified at 15 USC § 1692(d).

166.   Defendants harassed and abused Plaintiff in connection with the collection of a debt.

167.   Defendants caused Plaintiff's telephone to ring and engaged Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff at the called number.

168.   Defendants' conduct in abusing Plaintiff was criminal in nature.

169.   The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 15 USC § 1692k(a)(1),
2) Statutory Damages in the amount of $1,000 pursuant to 15 USC § 1692k(a)(2)(A),
3) Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),
4) Declaratory relief that the Defendants violated the FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

## COUNT VI - Federal FDCPA – Communication in connection with debt collection

170.   The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

171.   Defendants violated the restrictions the FDCPA imposes on them prohibiting Defendants from communicating with consumers when Defendants know it is not convenient to the consumer.

172.   Defendants violated the restrictions the FDCPA imposes on them prohibiting Defendants from communicating regarding the collection of a debt with any person

24

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 7/16/2020 7:29 AM
Envelope: 2665178
Reviewer: Danielle K.

Case 1:20-cv-00359-WES-PAS    Document 2-1    Filed 08/17/20    Page 29 of 116 PageID #: 151

other than the consumer.

173.    The restrictions are codified at 15 USC § 1692(c).

174.    Defendants harassed and abused Plaintiff in connection with the collection of a debt.

175.    The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 15 USC § 1692k(a)(1),
2) Statutory Damages in the amount of $1,000 pursuant to 15 USC § 1692k(a)(2)(A),
3) Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),
4) Declaratory relief that the Defendants violated the FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

## COUNT VII - Federal FDCPA - False/Misleading Representations

176.    The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

177.    Defendants violated the restrictions the FDCPA imposes on them prohibiting them from making false, deceptive, or misleading representations, including but not limited to acting as a debt collector in the State of Rhode Island without a registration from the Rhode Island Department of Business Regulations.

178.    The restrictions are codified at 15 USC § 1692(e).

179.    The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 15 USC § 1692k(a)(1),
2) Statutory Damages in the amount of $1,000 pursuant to 15 USC § 1692k(a)(2)(A),
3) Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),
4) Declaratory relief that the Defendants violated the FDCPA,

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 7/16/2020 7:29 AM
Envelope: 2665178
Reviewer: Danielle K.

Case 1:20-cv-00359-WES-PAS    Document 2-1    Filed 08/17/20    Page 30 of 116 PageID #: 152

5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office.
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

## COUNT VIII - Federal FDCPA - Unfair Practices

180. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

181. Defendants violated the restrictions the FDCPA imposes on them prohibiting Defendants from using unfair or unconscionable means while attempting to collect a debt.

182. The restrictions are codified at 15 USC § 1692(f).

183. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 15 USC § 1692k(a)(1),
2) Statutory Damages in the amount of $1,000 pursuant to 15 USC § 1692k(a)(2)(A),
3) Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),
4) Declaratory relief that the Defendants violated the FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

## COUNT IX – Federal FDCPA – Validation

184. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

185. Defendants violated the restrictions the FDCPA imposes on them prohibiting Defendants from collecting a debt when Plaintiff disputed the debt and Defendants failed to mail Plaintiff verification of the debt.

26

Case Number: WC-2020-0280-cv-00359-WES-PAS    Document 2-1    Filed 08/17/20    Page 31 of 116 PageID
Filed in Washington County Superior Court            #: 153
Submitted: 7/16/2020 7:29 AM
Envelope: 2665178
Reviewer: Danielle K.

186. Defendants violated the restrictions the FDCPA imposes on them mandating that Defendants provide Plaintiff a written notice within five days after initial communication with a consumer.

187. The restrictions are codified at 15 USC § 1692(g).

188. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 15 USC § 1692k(a)(1),
2) Statutory Damages in the amount of $1,000 pursuant to 15 USC § 1692k(a)(2)(A),
3) Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),
4) Declaratory relief that the Defendants violated the FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

## COUNT X - RI FDCPA – Communication in connection with debt collection

189. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

190. Defendants violated the restrictions the RI FDCPA imposes on them prohibiting Defendants from communicating to a consumer when Defendants know it is not convenient to the consumer.

191. Defendants violated the restrictions the RI FDCPA imposes on them prohibiting Defendants from communicating regarding the collection of a debt with any person other than the consumer.

192. The restrictions are codified at RIGL § 19-14.9-5.

193. Defendants harassed and abused Plaintiff in connection with the collection of a debt.

194. The Plaintiff suffered damages as a result of the conduct described in this Count.

27

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 7/16/2020 7:29 AM
Envelope: 2665178
Reviewer: Danielle K.

Case 1:20-cv-00359-WES-PAS   Document 2-1   Filed 08/17/20   Page 32 of 116 PageID #: 154

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
2) Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-13 (2)(b),
3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
4) Declaratory relief that the Defendants violated the RI FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

## COUNT XI - RI FDCPA – Abuse and Harassment

195. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

196. Defendants violated the restrictions the RI FDCPA imposes on them prohibiting Defendants from abusing and harassing persons.

197. The restrictions are codified at RIGL § 19-14.9-6.

198. Defendants harassed and abused Plaintiff in connection with the collection of a debt.

199. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
2) Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-13 (2)(b),
3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
4) Declaratory relief that the Defendants violated the RI FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

## COUNT XII - RI FDCPA - False/Misleading Representations

200. The Plaintiff reasserts the facts and allegations contained in all of the proceeding

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 7/16/2020 7:29 AM
Envelope: 2665178
Reviewer: Danielle K.

paragraphs and incorporates them into this Count.

201. Defendants violated the restrictions the RI FDCPA imposes on them prohibiting them from making false, deceptive, or misleading representations, including but not limited to acting as a debt collector without a proper registration.

202. The restrictions are codified at RIGL § 19-14.9-7.

203. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
2) Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-13 (2)(b),
3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
4) Declaratory relief that the Defendants violated the RI FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General for criminal prosecution under RIGL § 19-14.9-13(1)
8) Such other relief as the Court may deem just and appropriate.

## COUNT XIII - RI FDCPA - Unfair Practices

204. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

205. Defendants violated the restrictions the RI FDCPA imposes on them prohibiting Defendants from using unfair or unconscionable means while attempting to collect a debt.

206. The restrictions are codified at RIGL § 19-14.9-8.

207. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
2) Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-

29

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 7/16/2020 7:29 AM
Envelope: 2665178
Reviewer: Danielle K.

Case 1:20-cv-00359-WES-PAS   Document 2-1   Filed 08/17/20   Page 34 of 116 PageID #: 156

13 (2)(b),
3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
4) Declaratory relief that the Defendants violated the RI FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

## COUNT XIV - RI FDCPA - Validation

208. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

209. Defendants violated the restrictions the RI FDCPA imposes on them prohibiting Defendants from collecting a debt when Plaintiff disputed the debt and Defendants failed to mail Plaintiff verification of the debt.

210. Defendants violated the restrictions the RI FDCPA imposes on them mandating that Defendants provide Plaintiff a written notice within five days after initial communication with a consumer.

211. The restrictions are codified at RIGL § 19-14.9-9.

212. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
2) Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-13 (2)(b),
3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
4) Declaratory relief that the Defendants violated the RI FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 7/16/2020 7:29 AM
Envelope: 2665178
Reviewer: Danielle K.

Case 1:20-cv-00359-WES-PAS    Document 2-1    Filed 08/17/20    Page 35 of 116 PageID #: 157

## JURY DEMAND

Plaintiff requests a trial by jury on all Counts.

The Plaintiff,

*/s/ Christopher Laccinole*
Christopher M. Laccinole
23 Othmar St.
Narragansett, RI 02882
chrislaccinole@gmail.com

32

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 7/16/2020 7:29 AM
Envelope: 2665178
Reviewer: Danielle K.

Case 1:20-cv-00359-WES-PAS    Document 2-1    Filed 08/17/20    Page 36 of 116 PageID #: 158

## COUNT XV – CIVIL LIABILITY FOR CRIMES AND OFFENSES

213.  The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

214.  Defendants engaged in criminal activity to harass Plaintiff.

215.  As a result of such conduct and actions, the Plaintiff has suffered actual damages in an amount to be determined by the court, and he may recover therefore pursuant to Rhode Island General Law § 9-1-2.

216.  Such conduct and actions of Defendants were willful and egregious.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 9-1-2;
2) Such other relief as the Court may deem just and appropriate.

## COUNT XVI – RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS

217.  The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

218.  Defendants engaged in racketeering activity to harass Plaintiff.

219.  Defendants engaged in a pattern of unlawful debt collection activity to enrich their enterprise.

220.  As a result of such conduct and actions, the Plaintiff is entitled to treble damages, and he may recover therefore pursuant to Rhode Island General Law § 7-15-4(c).

221.  Such conduct and actions of Defendant were willful and egregious.

**Wherefore**, the Plaintiff requests judgment against Defendant for

1) Treble Damages pursuant to RIGL § 7-15-4(c);
2) Costs
3) Attorney Fees
4) Such other relief as the Court may deem just and appropriate.

31

# EXHIBIT

# A

RI SOS   Filing Number: 201608449310   Date: 09/06/2016 12:24 PM

 ·State of Rhode Island and Providence Plantations
**Department of State - Business Services Division**

# Application for Registration
FOREIGN Limited Liability Company
→ Filing Fee: $150.00

Pursuant to the provisions of RIGL 7-16-49, the undersigned foreign limited liability company hereby applies for a Certificate of Registration to transact business in the state of Rhode Island, and for that purpose submits the following statement:

| |
|---|
| 1. The name of the limited liability company is: |
| **Sequium Asset Solutions, LLC** |
| Is this company organized in its state or country of formation as a low-profit limited liability company? Yes ☐  No ☒ |
| The name, if different, under which it proposes to register and transact business in Rhode Island is: |
| |
| 2. The LLC is organized under the laws of:  *Georgia* |
| 3. The date of its organization is:  06/06/2016 |
| And the period of its duration is: **CHECK ONLY ONE BOX** |
| ☑ Perpetual (on-going) |
| ☐ Date certain for dissolution _____ |
| 4. The name and address of the resident agent/office in Rhode Island is: |
| Agent Name  **Corporation Service Company** |
| Street Address (<u>NOT</u> a P.O. Box)  **222 Jefferson Boulevard, Suite 200** |

| City/Town | State | Zip Code |
|---|---|---|
| **Warwick** | **RHODE ISLAND** | **02888** |

| |
|---|
| 5. The Department of State is appointed the agent of the foreign limited liability company for service of process if at any time there is no resident agent or if the resident agent cannot be found or served following the exercise of reasonable diligence. |
| 6. The address of any office required to be maintained in the state or other jurisdiction under the laws of which the limited liability company is organized is: |
| **1130 Northchase Parkwa, Suite 150 Marietta, GA 30067** |

**MAIL TO:**
**Division of Business Services**
148 W. River Street, Providence, Rhode Island 02904-2615
**Phone:** (401) 222-3040
**Website:** www.sos.ri.gov

**FILED**
SEP 06 2016
282898
A.A. 12:24pm

FORM 450 - Revised: 05/2016

**7. The mailing address for the limited liability company is:**

**1130 Northchase Parkway, Suite 150 Marietta, GA 30067**

**8. Management of the Limited Liability Company:**

The limited liability company is managed:

☑ By its members (If you have checked this box, go to Section 9. (**DO NOT** fill out the chart below.)

☐ By one (1) or more managers (List managers below)

| MANAGER | ADDRESS |
|---------|---------|
|         |         |
|         |         |
|         |         |
|         |         |

**9.** This application is accompanied by a Certificate of Good Standing/Letter of Status issued by the proper officer of the state or country under the laws of which it is formed that is dated within 60 days of the filing of this document.

**10.** Date when this application for Certificate of Registration will be effective: **CHECK ONLY ONE BOX**

☑ Date received (Upon filing)

☐ Later effective date (Date must be no more than 30 days from the day of filing) _____

*Under penalty of perjury, I declare and affirm that I have examined this Application for Registration, including any accompanying attachments, and that all statements contained herein are true and correct.*

Type or Print Name of LLC

**Gregory E. Schubert, CEO**

Date

**08/22/2016**

Signature of Authorized Person

SIGN DOCUMENT HERE

**If you have any questions, please call us at (401) 222-3040, Monday through Friday, between 8:30 a.m. and 4:30 p.m., or email corporations@sos.ri.gov.**

FORM 450 - Revised: 05/2016

Control Number : 16054492

# STATE OF GEORGIA

### Secretary of State
#### Corporations Division
#### 313 West Tower
#### 2 Martin Luther King, Jr. Dr.
#### Atlanta, Georgia 30334-1530

### CERTIFICATE OF EXISTENCE

I, Brian P. Kemp, the Secretary of State of the State of Georgia, do hereby certify under the seal of my office that

## SEQUIUM ASSET SOLUTIONS, LLC

### a Domestic Limited Liability Company

was formed in the jurisdiction stated below or was authorized to transact business in Georgia on the below date. Said entity is in compliance with the applicable filing and annual registration provisions of Title 14 of the Official Code of Georgia Annotated and has not filed articles of dissolution, certificate of cancellation or any other similar document with the office of the Secretary of State.

This certificate relates only to the legal existence of the above-named entity as of the date issued. It does not certify whether or not a notice of intent to dissolve, an application for withdrawal, a statement of commencement of winding up or any other similar document has been filed or is pending with the Secretary of State.

This certificate is issued pursuant to Title 14 of the Official Code of Georgia Annotated and is prima-facie evidence that said entity is in existence or is authorized to transact business in this state.

| | |
|---|---|
| Docket Number | : 13259629 |
| Date Inc/Auth/Filed | : 06/06/2016 |
| Jurisdiction | : Georgia |
| Print Date | : 08/16/2016 |
| Form Number | : 211 |



*B. P. Kemp*

Brian P. Kemp
Secretary of State

RI SOS    Filing Number: 201608449310    Date: 09/06/2016 12:24 PM



State of Rhode Island and Providence Plantations
**Department of State | Office of the Secretary of State**
**Nellie M. Gorbea,** *Secretary of State*

I, NELLIE M. GORBEA, Secretary of State of the State of Rhode Island

and Providence Plantations, hereby certify that this document, duly executed in

accordance with the provisions of Title 7 of the General Laws of Rhode Island, as

amended, has been filed in this office on this day:

September 06, 2016 12:24 PM

Nellie M. Gorbea
*Secretary of State*



141577-1-1151599

RI SOS  Filing Number: 201753187400   Date: 11/13/2017 10:01:00 AM



## State of Rhode Island and Providence Plantations
## Office of the Secretary of State

Fee: $50.00

Division Of Business Services
148 W. River Street
Providence RI 02904-2615
(401) 222-3040

**Limited Liability Company**
**Annual Report**
Filing Period: September 1 - November 1

In accordance with R.I.G.L. 7-16-66(d), each limited liability company failing or refusing to file its annual report within thirty (30) days after the time prescribed by law (R.I.G.L. 7-16-66 (b&c)) is subject to a penalty fee of $25.00.

**ANNUAL REPORT YEAR:** 2017

**1. ID No.**   001666515

**2. Exact Name of the Limited Liability Company**  SEQUIUM ASSET SOLUTIONS, LLC

**3. State of Formation**

State: GA

### ARTICLE III

Enter the six digit NAICS Code that best describes the primary business conducted by the entity. Download the list of codes here. More information on NAICS can be found online.

561440

**4. Brief Description of the Character of the Business Which is Actually Conducted in Rhode Island**

DEBT COLLECTIONS SERVICES

**5. Principal Office Address**

No. and Street:  1130 NORTHCHASE PARKWAY, SUITE 150
City or Town:   MARIETTA        State: GA  Zip:  30067 Country: USA

**6. Mailing Address of Limited Liability Company and Name or Title of Contact Person:**

Contact Name:   GREGORY SCHUBERT Contact Title:
No. and Street: 1130 NORTHCHASE PARKWAY, SUITE 150
          SUITE 150
City or Town:  MARIETTA        State: GA  Zip:  30067 Country: USA

**7. Name and Address of Each Manager of the Limited Liability Company, if Applicable. DO NOT LIST MEMBERS**

| Title | Individual Name | Address |
|---|---|---|
| | First, Middle, Last, Suffix | Address, City or Town, State, Zip Code, Country |

**8. RESIDENT AGENT IN RHODE ISLAND - DO NOT ALTER**
   **Changes Require Filing of Form 642 - R.I.G.L. 7-16-11**

   CORPORATION SERVICE COMPANY  222 JEFFERSON BOULEVARD, SUITE 200   WARWICK ,  RI  02888

**9. This report must be executed by an authorized person pursuant to R.I.G.L. 7-16-66 (b).**

**Signed this 13 Day of November, 2017 at 10:02:51 AM by the authorized person.** *This electronic signature of the individual or individuals signing this instrument constitutes the affirmation or acknowledgement of the signatory, under penalties of perjury, that this instrument is that individual's act and deed or the act and deed of the company, and that the facts stated herein are true, as of the date of the electronic filing, in compliance with R.I. Gen. Laws § 7-16.*

By   GREGORY E. SCHUBERT
     Signature of Authorized Person

Form No. 632
Revised 09/07

© 2007 - 2017 State of Rhode Island and Providence Plantations
All Rights Reserved

RI SOS   Filing Number: 201875762680    Date: 8/24/2018 12:53:00 PM



## State of Rhode Island and Providence Plantations
## Office of the Secretary of State

Fee: $50.00

Division Of Business Services
148 W. River Street
Providence RI 02904-2615
(401) 222-3040

## Limited Liability Company
## Annual Report
Filing Period: September 1 - November 1

In accordance with R.I.G.L. 7-16-66(d), each limited liability company failing or refusing to file its annual report within thirty (30) days after the time prescribed by law (R.I.G.L. 7-16-66 (b&c)) is subject to a penalty fee of $25.00.

**ANNUAL REPORT YEAR:** 2018

**1. ID No.**    001666515

**2. Exact Name of the Limited Liability Company** SEQUIUM ASSET SOLUTIONS, LLC

**3. State of Formation**

State: GA

### ARTICLE III

Enter the six digit NAICS Code that best describes the primary business conducted by the entity. Download the list of codes here. More information on NAICS can be found online.

561440

**4. Brief Description of the Character of the Business Which is Actually Conducted in Rhode Island**

DEBT COLLECTIONS SERVICES

**5. Principal Office Address**

No. and Street: 1130 NORTHCHASE PARKWAY, SUITE 150
City or Town:   MARIETTA                                    State: GA  Zip: 30067 Country: USA

**6. Mailing Address of Limited Liability Company and Name or Title of Contact Person:**

Contact Name:   Contact Title:
No. and Street: 1130 NORTHCHASE PARKWAY, SUITE 150
                SUITE 150
City or Town:   MARIETTA                                    State: GA  Zip: 30067Country: USA

**7. Name and Address of Each Manager of the Limited Liability Company, if Applicable.**
   **DO NOT LIST MEMBERS**

| Title | Individual Name<br>First, Middle, Last, Suffix | Address<br>Address, City or Town, State, Zip Code, Country |
|---|---|---|
| | | |

**8. RESIDENT AGENT IN RHODE ISLAND - DO NOT ALTER**
**Changes Require Filing of Form 642 - R.I.G.L. 7-16-11**

REGISTERED AGENT SOLUTIONS, INC. 222 JEFFERSON BOULEVARD, SUITE 200   WARWICK , RI 02888

**9. This report must be executed by an authorized person pursuant to R.I.G.L. 7-16-66 (b).**

**Signed this 24 Day of August, 2018 at 12:55:45 PM by the authorized person.** *This electronic signature of the individual or individuals signing this instrument constitutes the affirmation or acknowledgement of the signatory, under penalties of perjury, that this instrument is that individual's act and deed or the act and deed of the company, and that the facts stated herein are true, as of the date of the electronic filing, in compliance with R.I. Gen. Laws § 7-16.*

By   GREGORY SCHUBERT
     Signature of Authorized Person

Form No. 632
Revised 09/07

© 2007 - 2018 State of Rhode Island and Providence Plantations
All Rights Reserved

RI SOS   Filing Number: 201912654020    Date: 8/29/2019 9:24:00 AM



| | State of Rhode Island and Providence Plantations<br>Office of the Secretary of State<br><br>Division Of Business Services<br>148 W. River Street<br>Providence RI 02904-2615<br>(401) 222-3040 | Fee: $50.00 |
|---|---|---|

**Limited Liability Company**
**Annual Report**
*Filing Period: September 1 - November 1*

*In accordance with R.I.G.L. 7-16-66(d), each limited liability company failing or refusing to file its annual report within thirty (30) days after the time prescribed by law (R.I.G.L. 7-16-66 (b&c)) is subject to a penalty fee of $25.00.*

**ANNUAL REPORT YEAR:** <u>2019</u>

**1. ID No.**   <u>001666515</u>

**2. Exact Name of the Limited Liability Company** <u>SEQUIUM ASSET SOLUTIONS, LLC</u>

**3. State of Formation**

State: <u>GA</u>

### ARTICLE III

Enter the six digit NAICS Code that best describes the primary business conducted by the entity. Download the list of codes here. More information on NAICS can be found online.

<u>561440</u>

**4. Brief Description of the Character of the Business Which is Actually Conducted in Rhode Island**

<u>DEBT COLLECTIONS SERVICES</u>

**5. Principal Office Address**

No. and Street:  <u>1130 NORTHCHASE PARKWAY, SUITE 150</u>
City or Town:    <u>MARIETTA</u>                                   State: <u>GA</u>  Zip: <u>30067</u> Country: <u>USA</u>

**6. Mailing Address of Limited Liability Company and Name or Title of Contact Person:**

Contact Name:    Contact Title:
No. and Street: <u>1130 NORTHCHASE PARKWAY, SUITE 150</u>
                <u>SUITE 150</u>
City or Town:    <u>MARIETTA</u>                                  State: <u>GA</u> Zip: <u>30067</u>Country: <u>USA</u>

**7. Name and Address of Each Manager of the Limited Liability Company, if Applicable.**
   **DO NOT LIST MEMBERS**

| Title | Individual Name<br>First, Middle, Last, Suffix | Address<br>Address, City or Town, State, Zip Code, Country |
|---|---|---|
| | | |

**8. RESIDENT AGENT IN RHODE ISLAND - DO NOT ALTER**
  **Changes Require Filing of Form 642 - R.I.G.L. 7-16-11**

REGISTERED AGENT SOLUTIONS, INC. 222 JEFFERSON BOULEVARD, SUITE 200  WARWICK , RI 02888

**9. This report must be executed by an authorized person pursuant to R.I.G.L. 7-16-66 (b).**

**Signed this 29 Day of August, 2019 at 9:24:36 AM by the authorized person.** *This electronic signature of the individual or individuals signing this instrument constitutes the affirmation or acknowledgement of the signatory, under penalties of perjury, that this instrument is that individual's act and deed or the act and deed of the company, and that the facts stated herein are true, as of the date of the electronic filing, in compliance with R.I. Gen. Laws § 7-16.*

By  GREGORY E. SCHUBERT
  Signature of Authorized Person

Form No. 632
Revised 09/07

© 2007 - 2019 State of Rhode Island and Providence Plantations
All Rights Reserved

# EXHIBIT

# B



# Public Utility Commission of Texas

# ADAD Report

## SEQUIUM ASSET SOLUTIONS LLC
### Permit No: 170004

**Type:** ADAD
**Permit Approved Date:** 1/30/2017
**Date Last Renewed:** 1/30/2020

**DBA Names**

No DBA Records

**Contact Information**

*Company / Physical  (Mailing Address)*
SEQUIUM ASSET SOLUTIONS LLC
SHANTAL JACKSON
CORPORATE COMPLIANCE OFFICER
1130 NORTHCHASE PARKWAY
SUITE 150
MARIETTA,GA 30067
**Email:** sjackson@focusrm.com
**Phone:** 678-228-3054
**Toll Free:** 866-664-2512
**Fax:** 678-228-0019

*Authorized Rep*
CSC-LAWYERS INCORPORATING COMPANY
211 E 7TH STREET
SUITE 620
AUSTIN,TX 78701
**Phone:** 800-927-9801

*ADAD Physical Address*
LIVEVOX
MARK MALLAH
111 EIGHTH AVE
NEW YORK,NY 10011
**Phone:** 415-676-1061
**Fax:** 415-398-0630

*ADAD Physical Address*
SEQUIUM ASSET SOLUTIONS LLC
SHANTAL JACKSON
1130 NORTHCAHSE PARKWAY
SUITE 150
MARIETTA,GA 30067
**Phone:** 678-228-3054

**Reports**

2020
**ADAD Annual Report**
**Submitted:** 1/13/2020
**Approved:** 1/28/2020

2019
**ADAD Annual Report**
**Submitted:** 1/10/2019
**Approved:** 2/19/2019

2018
**ADAD Annual Report**
**Submitted:** 1/25/2018
**Approved:** 2/1/2018

*End Report*

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
**Español**: Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
**Português**: Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.

# A V I S O

## Usted tiene un caso en el sistema judicial de Rhode Island.

## Usted tiene el derecho a tener un intérprete sin costo para usted.



La Orden Ejecutiva 2012-05 del Tribunal Supremo de Rhode Island dicta que cuando una persona que tiene un dominio limitado del inglés (LEP) comparece ante la corte, el Sistema Judicial de Rhode Island le proveerá un intérprete autorizado gratis sea el acusado/demandado, demandante, testigo, víctima, padre de un menor de edad alguien que tenga con un interés importante en el proceso de la corte. Este servicio de interpretación se le proveerá sin costo alguno a los participantes en toda clase de caso, sea civil o penal.
Los intérpretes judiciales trabajan en todos los tribunales del Sistema Judicial de Rhode Island.

**Para solicitar un intérprete para su comparecencia en el tribunal, usted tiene las siguientes opciones:**

1. **Llamar a la Oficina de Intérpretes en el tribunal al 401-222-8710 ;**

2. **Mandar un correo electrónico a <u>interpreterfeedback@courts.ri.gov</u>; o**

3. **Presentarse a la Oficina de Intérpretes para solicitar un intérprete:**

> **The Office of Court Interpreters**
> **Licht Judicial Complex**
> **Cuarto Piso, Oficina 401 A-B**
> **250 Benefit Street**
> **Providence, RI 02903**

> **Al solicitar un intérprete, por favor provea la siguiente información:**

- **El nombre y el número de su caso**

- **El idioma que solicita**

- **La fecha y hora de su audiencia**

- **Dónde va a tomar lugar su audiencia**

- **Su nombre y número de teléfono por el cual nos podamos poner en contacto con usted o con su abogado.**

---

Para obtener más información en portugués, ruso o español, incluyendo una lista de formularios de la corte que están disponibles en español, visite nuestra página de internet:

https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx

Para solicitar la traducción de este aviso en cualquier otro idioma, por favor llame a la oficina de intérpretes al (401) 222-8710. Ayudaría si usted puede estar en compañía de una persona que habla inglés cuando llame.

El sistema jurídico de Rhode Island se compromete a proporcionar a todas las personas mejor acceso a los tribunales.

The Office of Court Interpreters
Licht Judicial Complex
Fourth Floor Room 401
250 Benefit Street
Providence, RI 02903

9/15

មើលសេចក្ដីជូនដំណឹងនេះជាភាសាខ្មែរ អេស្ប៉ាញ និងព័រទុយហ្គាល់នៅលើទំព័រដែលបានភ្ជាប់។

# សេចក្ដីជូនដំណឹង

## លោកអ្នកមានបណ្ដឹងនៅក្នុងប្រព័ន្ធតុលាការវ៉ែនរដ្ឋ **Rhode Island**។

## លោកអ្នកមានសិទ្ធិស្នើសុំអ្នកបកប្រែដោយឥតគិតថ្លៃសម្រាប់ខ្លួនឯង។



ដីកាប្រតិបត្តិរបស់តុលាការកំពូលនៃ Rhode Island (Rhode Island Supreme Court Executive Order) លេខ 2012-05 បានចែងថានៅពេលបុគ្គលដែលមានចំណេះដឹងផ្នែកភាសាអង់គ្លេសមានកំណត់ (LEP) បង្ហាញខ្លួននៅក្នុងតុលាការ តុលាការនៃ Rhode Island និងផ្ដល់អ្នកបកប្រែដែលបានអនុញ្ញាតដោយឥតគិតថ្លៃសម្រាប់ចុងចោទ ដើមចោទ សាក្សី ជនរងគ្រោះ មាតាបិតារបស់អនីតិជន ឬអ្នកណាម្នាក់ដែលពាក់ព័ន្ធយ៉ាងសំខាន់នៅក្នុងដំណើរការតុលាការ។ សេវាកម្មបកប្រែនេះ ត្រូវបានផ្ដល់ជូនដោយឥតគិតថ្លៃសម្រាប់តួភាគី និងនៅគ្រប់ប្រភេទនៃបណ្ដឹង ទាំងរដ្ឋប្បវេណី និងព្រហ្មទណ្ឌ។ អ្នកបកប្រែក្នុងតុលាការធ្វើការនៅក្នុងគ្រប់តុលាការទាំងអស់របស់ប្រព័ន្ធតុលាការនៃរដ្ឋ Rhode Island។

ដើម្បីគ្រោងពេលវេលាអ្នកបកប្រែសម្រាប់ថ្ងៃចូលសវនាការរបស់លោកអ្នក លោកអ្នកមានជម្រើសដូចខាងក្រោម ៖

1. ទូរស័ព្ទមកកាន់ការិយាល័យអ្នកបកប្រែប្រចាំតុលាការតាមរយៈលេខ **(401) 222-8710** ឬ

2. ផ្ញើអ៊ីម៉ែលទៅកាន់ **interpreterfeedback@courts.ri.gov** ឬ

3. ទៅកាន់ការិយាល័យអ្នកបកប្រែដើម្បីគ្រោងពេលវេលាអ្នកបកប្រែ ៖

> **The Office of Court Interpreters**
> **Licht Judicial Complex**
> **Fourth Floor, Room 401**
> **250 Benefit Street**
> **Providence, RI 02903**

នៅពេលស្នើសុំអ្នកបកប្រែ សូមផ្ដល់នូវព័ត៌មានដូចខាងក្រោម ៖

- ឈ្មោះ និងលេខបណ្ដឹងរបស់លោកអ្នក

- ភាសាដែលលោកអ្នកស្នើសុំ

- កាលបរិច្ឆេទ និងម៉ោងសវនាការរបស់លោកអ្នក

- ទីតាំងនៃសវនាការរបស់លោកអ្នក

- ឈ្មោះ និងលេខទូរស័ព្ទលោកអ្នកដែលយើងខ្ញុំអាចទំនាក់ទំនងលោកអ្នក ឬមេធាវីលោកអ្នកបាន

---

សម្រាប់ព័ត៌មានបន្ថែមជាភាសាព័រទុយហ្គាល់ រុស្ស៊ី និងអេស្ប៉ាញ រួមទាំងបញ្ជីទម្រង់បែបបទតុលាការដែលមានជាភាសាអេស្ប៉ាញនោះ សូមចូល ទៅកាន់គេហទំព័ររបស់យើងខ្ញុំនៅលើអ៊ីនធឺណិត ៖

https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx.

ដើម្បីស្នើសុំការបកប្រែសេចក្ដីជូនដំណឹងនេះជាភាសាណាមួយផ្សេងទៀត សូមទូរស័ព្ទមកការិយាល័យអ្នកបកប្រែប្រចាំតុលាការតាមរយៈលេខ (401) 222-8710។ វាជាការចាំបាច់ដែលត្រូវមានអ្នកនិយាយភាសាអង់គ្លេសជាមួយលោកអ្នកនៅពេលដែលលោកអ្នកទូរស័ព្ទចូល។

តុលាការ Rhode Island ប្ដេជ្ញាធ្វើឱ្យតុលាការអាចប្រើប្រាស់បានសម្រាប់មនុស្សគ្រប់គ្នា។

ការិយាល័យអ្នកបកប្រែប្រចាំតុលាការ
Licht Judicial Complex
Fourth Floor Room 401
250 Benefit Street
Providence, RI 02903

See this notice in Cambodian, Spanish, and Portuguese on the attached pages. **Español**: Véase esta notificación en camboyano, español y portugués en las páginas adjuntas. **Português**: Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.

# N O T I C E

## You have a case in the Rhode Island state court system.

## You have the right to an interpreter at no cost to you.



Rhode Island Supreme Court Executive Order 2012-05 states that when a Limited-English Proficient (LEP) person appears in court, the Rhode Island Judiciary will provide a free authorized interpreter for the defendant, plaintiff, witness, victim, parent of a juvenile, or someone with a significant interest in the court proceeding. This interpreting service is provided at no cost to the parties and in all types of cases, both civil and criminal. Court interpreters work in all the courthouses of the Rhode Island state court system.

**To schedule an interpreter for your day in court, you have the following options:**

**1.      Call the Office of Court Interpreters at (401) 222-8710, or**

**2.      Send an email message to interpreterfeedback@courts.ri.gov, or**

**3.      Visit the interpreters' office to schedule an interpreter:**

> **The Office of Court Interpreters**
> **Licht Judicial Complex**
> **Fourth Floor, Room 401**
> **250 Benefit Street**
> **Providence, RI 02903**

**When requesting an interpreter, please provide the following information:**

> **The name and number of your case**
> **The language you are requesting**
> **The date and time of your hearing**
> **The location of your hearing**
> **Your name and a telephone number where we can reach you or your lawyer**

For more information in Portuguese, Russian, and Spanish, including a listing of court forms that are available in Spanish, please visit our website on the Internet:

https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx.

To request a translation of this notice into any other language, please call the Office of Court Interpreters at (401) 222-8710. It would be helpful to have an English speaker with you when you call.

The Rhode Island Judiciary is committed to making the courts accessible to all.

The Office of Court Interpreters
Licht Judicial Complex Fourth
Floor Room 401
250 Benefit Street
Providence, RI 02903

9/15

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
**Camboyano**: SAMPLE: [Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.]
**Español**: Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
**Português**: Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.



# N O T I F I C A Ç Ã O

## V. Ex.ª tem um processo em curso no sistema judiciário do Estado de Rhode Island,

## V. Ex.ª tem direito aos serviços gratuitos de um intérprete.

A Ordem Executiva 2012-05 do Supremo Tribunal de Rhode Island prevê que quando uma pessoa com conhecimentos limitados da língua inglesa (*Limited-English Proficient*) (LEP) comparece em tribunal, a Administração Judiciária de Rhode Island disponibiliza-lhe gratuitamente os serviços de um intérprete autorizado a um réu, autor, testemunha, vítima, pai ou mãe de um menor ou alguém com interesse significativo no processo judicial. O serviço de intérprete é prestado gratuitamente às partes e em todos os tipos de processos, sejam eles civis ou penais. Os intérpretes do tribunal trabalham em todos os tribunais do sistema judiciário do Estado de Rhode Island.

**Para agendar os serviços de um intérprete para o seu dia no tribunal, tem as seguintes opções:**

**1.     Telefonar para o Gabinete de Intérpretes Judiciais através do n.º (401) 222-8710, ou**

**2.     Enviar uma mensagem de correio eletrónico para <u>interpreterfeedback@courts.ri.gov</u>, ou**

**3.     Deslocar-se ao gabinete de intérpretes para agendar os serviços de um intérprete:**

> **Gabinete de Intérpretes Judiciais**
> **Complexo Judicial Licht**
> **Quarto Piso, Sala 401**
> **250 Benefit Street**
> **Providence, RI 02903**

**Quando solicitar os serviços de um intérprete deve fornecer os seguintes dados:**

- **O nome e número do seu processo**
- **O idioma que solicita**
- **A data e hora da sua audiência**
- **O local da sua audiência**
- **O seu nome e um número de telefone para o podermos contactar a si ou ao seu advogado**

Para obter mais informações em português, russo e espanhol, incluindo uma lista dos formulários judiciais disponíveis em espanhol, visite o nosso website na internet:

https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx.

Para solicitar uma tradução desta notificação para qualquer outro idioma, telefone para o Gabinete de Intérpretes Judiciais através do número (401) 222-8710. Recomenda-se que esteja acompanhado por alguém que fale inglês quando fizer a chamada.

A Administração Judiciária de Rhode Island está empenhada em tornar os tribunais acessíveis para todos.

Gabinete de Intérpretes Judiciais
Complexo Judicial Licht
Quarto Piso, Sala 401
250 Benefit Street
Providence, RI 02903

STATE OF RHODE ISLAND                    SUPERIOR COURT
WASHINGTON COUNTY

CHRISTOPHER LACCINOLE                     C.A. No.: WC-2020-0285
*Plaintiff*

Vs.

Sequium Asset Solutions, LLC              JURY TRIAL REQUESTED
&
GREGORY E. SCHUBERT
&
SHANTAL JACKSON
&
Does 1-10 Inclusive;
*Defendants*

## PLAINTIFF'S FIRST SET OF COMBINED INTERROGATORIES, REQUSTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION

Pursuant to Rule 33, 34, and Rule 36 of the Superior Court Rules of Civil Procedure,

Plaintiff Christopher Laccinole requests that Defendant Sequium Asset Solutions, LLC

answer the following interrogatories, requests for production of documents, and requests for

admission.

## INSTRUCTIONS AND DEFINITIONS

1.      Respond to each request pursuant to the instructions and definitions.

2.      Each Interrogatory should be answered upon your entire knowledge from all

sources and all information in your possession or otherwise available to you, including

information from your officers, employees, agents, representatives or consultants and

information which is known each of them.   An incomplete or evasive answer is a failure to

answer.

3.      If any answer is qualified, state specifically the terms of each qualification and

1

the reasons for it.  If an Interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

4.  Unless otherwise specified in a particular paragraph, provide the information and documents requested for the period of five years prior to the date of filing the complaint to the present.

5.  Each interrogatory is considered continuing, and if Defendant obtains information which renders its answers or one of them, incomplete or inaccurate, Defendant is obligated to immediately serve amended answers on the undersigned until the time of trial.

6.  If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

7.  If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

8.  If any paragraph of this request is believed to be ambiguous or unduly burdensome, please contact the undersigned and an effort will be made to remedy the

2

problem.

9.    "Document(s)" shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, letters, diaries, desk and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchments, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings, or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, publications, photographs, worksheets, computer printouts, telex transmissions or receipts, teletypes, telefaxes, file folders (or other from the original by reason of any notation made on such copies or otherwise), carbon, photostatic or photograph copies of such materials.  The term "documents" shall also mean and include every other recording of, or means of recording on any tangible form, any form of information , data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever.  For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

a.    The nature of the document (e.g., letter, memorandum, contract, etc.);

3

b.    The author or sender of the document;

c.    The recipient of the document;

d.    The date the document was authored, sent, and/or received; and

e.    The reason such document is allegedly privileged.

"Data" means the physical symbols in the broadest sense, that represent information, regardless of whether the information is oral, written or otherwise recorded.

"Hardware" means the physical components of a computer or any device capable of maintaining recorded data.

"Software" means the entire set of computer programs, procedures, documentation, or other recorded instructions which guide a mechanical device or human in the operation of the computer or mechanical device.

"Computer" means any and all programmable electronic devices or apparatuses, including hardware, software, and other databanks, that can store, retrieve, access, update, combine, rearrange, print, read, process or otherwise alter data whether such data maintained in that device or as some other location.  The term "computer" includes any and all magnetic recordings or systems, systems operating on or maintaining data in digital, analog, or hybrid format, or other mechanical devices, or other devices capable of maintaining writings or recordings, of any kind, in condensed format, and includes any disk, tape, recording, or other informational source, regardless of its physical dimension or size.

"Identify" means that you should state:

a)    Any and all names, legal, trade, or assumed;

b)    All addresses used;

4

c)    All telephone and tele-fax numbers used; and, if applicable:

d)    Brand, make, manufacturer's name, address, phone number, and the manufacturer's relationship to any and all defendants in the above captioned action; and

e)    Employer's name, address, phone number and the employer's relationship to any and all Defendants in the above captioned action.

"Person(s)" means any human being, sole proprietorship, limited partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

"Explain" means to elucidate, make plain or understandable, to give the reason for or cause of, and to show the logical development or relationships thereof.

"Describe" means to represent or give an account of in words.

"User" means any person or computer which interacts with a different computer.

If any Request may be answered fully by a document, the document may be attached in lieu of any answer if the document is marked to refer to the Request to which it responds.

"Plaintiff" refers to Christopher Laccinole aka Chris Laccinole.

"TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* with all amendments.

"FDCPA" means the Fair Debt Collection Protection Act, 15 U.S.C. § 1692, *et. seq.*

"RI FDCPA" means the Rhode Island Fair Debt Collection Protection Act, RIGL § 19-14.9, *et. seq.*

"RI DTPA" means the Rhode Island Deceptive Trade Practices Act, RIGL § 6-13.1, *et. seq.* with all amendments.

5

"Defendant" "you" and "your" shall mean Sequium Asset Solutions, LLC and/or any of its employees, representatives, agents, accountants/investigators, attorneys, subsidiaries, lessees, sureties, and/or any other person, firm, corporation or governmental body which is in possession of such information in the Request or which may have obtained information for them on their behalf.

"SAN" means Subscription Account Number which is a license number given the FCC to scrub consumer data against the national do not call registry/list.

"FCC" means the Federal Communications Commission.

"ATDS" refers to Automatic Telephone Dialing Systems as defined by the TCPA and FCC.

"DNC" means "Do-Not-Call" and refers to the national registry/list maintained by the federal government which consumers who do not want unsolicited calls may register, and which companies are required to cross verify numbers it intends to call on a monthly basis.

"Internal" DNC refers to private and internal lists which companies are required to maintain within their business and update internally when consumers request them to stop calling.

"SAN scrub" means the process of removing numbers from company call lists that appear on the most recent national do-not-call list.

"DBA" means "doing business as" or a name of your business that you use and communicate to your customers or prospective customers that might differ from the corporate name.

6

"CL programmer" means Control Language that is used to program IBM based servers, namely PBX servers.

"PBX server" means a telephone main switchboard system that acts as a router for all phone calls both inbound and outbound.

"Virtual PBX VOIP (voice over internet protocol) system" means a digital based PBX based system that shares the same functionality.

"VOIP gateway" means voice over internet protocol gateway system that allows the conversion of analog telephone audio signal to digital binary.

"IVR system" means interactive voice recording system used as prerecorded phone greetings typically used in interacting consumers in volume with no human intervention.

"Automated dialer(s)" means telephone equipment that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator and/or dialing calls without human intervention.

"Predictive dialer" means software that allows a party to initiate phone calls while employees are talking to other consumers and includes a telephone control system that automatically calls a list of telephone numbers in sequence, screening out no-answers, busy signals, answering machines and disconnected numbers while predicting at what point a human caller will be able to handle the next call.

"Automatic telephone dialing system(s)" (ATDS) means telephone equipment that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator and/or dialing calls without human intervention.

"Cloud based" means a remote server in which a program or data can be stored and accessed via the internet.

7

"Established Business Relationship" means a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a consumer with or without an exchange of consideration, on the basis of the consumer's purchase or transaction with the entity within the eighteen (18) months immediately preceding the date of the telephone call or on the basis of the consumer's inquiry or application regarding products or services offered by the entity within the three months immediately preceding the date of the call, which relationship has not been previously terminated by either party.

"Telephone solicitation" means a telephone call or message initiated by you for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

"Plaintiff's telephone number(s)" means Plaintiff's cellular number 401 258 7701.

The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (i.e., "ing," "ed," etc.) shall be construed to include each other.

"And" as well as "or" shall be construed both conjunctively as well as disjunctively.

"Each" shall be construed to include "every" and vice versa.

"Any" shall be construed to include "all" and vice versa.

"Complaint" refers to Plaintiff's Complaint.

"Communication" means the conveying of information directly or indirectly to any person through any medium.

If you claim a privilege as a basis for not responding completely to a request or otherwise object to a request, describe the factual basis for your claim of privilege or other

8

objection in sufficient detail to permit the Court to adjudicate the validity of the claim or objection.

When a request requires you to identify a person, individual, or a witness, state that person's name, address, and telephone number.

## **INTERROGATORIES**

INTERROGATORY NO. 1:

1. Identify all persons involved in the preparation of the answers to the interrogatories. For each such person, state the following:

   a. First, last, and middle legal name,

   b. All DBA, fake, or alias name(s) used by this person,

   c. Job title, position with Defendant or capacity on behalf of Defendant,

   d. Business address and telephone number,

   e. Home address and telephone number,

   f. Age

ANSWER:

INTERROGATORY NO. 2:

Describe with specificity and detail the maintenance of all procedures utilized by you to avoid violation of the Telephone Consumer Protection Act (47 U.S.C. § 227, *et. seq.* with all amendments), the Rhode Island Deceptive Trade Practices Act (RIGL § 6-13.1 *et seq.*), the Fair Debt Collection Protection Act (15 U.S.C. § 1692, *et. seq.*), and the Rhode Island Fair Debt Collection Protection Act (RIGL § 19-14.9, *et. seq.*).

ANSWER:

INTERROGATORY NO. 3:

Identify and explain all policies, practices, and procedures regarding calls made by Defendant to cellular telephones and the complete history of each. Please include a detailed description of the policy, practices or procedures including the date it was first considered, the date it was implemented, all persons involved in its consideration, development, implementation and, if applicable, termination for the past five years.

ANSWER:

## INTERROGATORY NO. 4:

Identify and describe each document and record known to Defendant which is related to Plaintiff.

ANSWER:

## INTERROGATORY NO. 5:

State whether you have ever taken any measures or action in attempting to identify whether any telephone number to be called by Defendant was registered on its own internal DNC. If so, please identify with specificity what measure(s) or actions you took, who took the measure(s) or actions, any third party involved, why the measure or action was taken and what resulted from the measures or actions. If no action was taken, please explain why not.

ANSWER:

## INTERROGATORY NO. 6:

Please provide names of all employees involved with calling the Plaintiff:

   a. Date of birth;
   b. Prior work experience;
   c. Business address of the call center from where the call originated,
   d. Address of the location where the associate was physically located during the call,
   e. How long with the company.

ANSWER:

11

INTERROGATORY NO. 7:

State the name(s) and address(es) of Defendant's liability insurer(s) for the last five years

and the dates of coverage, type, policy number(s) of each liability insurance policy.

ANSWER:

INTERROGATORY NO. 8:

Identify by name, position, address, and phone number all witnesses Defendant proposes to

call to trial.

ANSWER:

INTERROGATORY NO. 9:

List all exhibits Defendant proposes to introduce at trial.

ANSWER:

INTERROGATORY NO. 10:

Please state in detail the facts upon which you rely for each affirmative defense listed in your Answer, and attach any documents which relate to this interrogatory and your response.

ANSWER:

INTERROGATORY NO. 11:

If your response to any Requests for Admissions served is anything other than an unqualified admission, then please state as to each denial the specific facts forming the basis for such denial and identify each witness and document upon which you will rely to support your denial.

ANSWER:

INTERROGATORY NO. 12:

Identify all machines by make, model, supporting systems including the hardware and software that were used to make any telephone call in connection with Plaintiff including but not limited to, Plaintiff's telephone number 401 258 7701.

ANSWER:

INTERROGATORY NO. 13:

State the name, employer, most current home address, title and job description of each person (including present or former third parties, officers and/or employees) who is responsible for creating, maintaining and monitoring the Defendant's telephony systems and operations, and state specifically what that person's duties are with respect to his position.

ANSWER:

INTERROGATORY NO. 14:

State the name, address, telephone number, title, place of employment and field of expertise of each person whom Defendant intends to call as an expert witness at a trial of this case, identifying:

a.      The subject matter on which the expert is expected to testify;

b.      The substance of the facts and opinions to which the expert is expected to testify;

c.      A summary of the grounds for each opinion the expert is expected to testify; and

d.      All documents, treatises, books, studies, or other materials upon which the expert may rely for information or support of facts and opinions.

e.      The expert's current curriculum vitae or résumé.

ANSWER:

INTERROGATORY NO. 15:

Identify and provide a detailed description explaining all of Defendant's policies, practices and procedures regarding the use of Defendant's telephone systems including but not limited to Defendant's ATDS and the complete history of each including the date it was first considered, the date it was implemented, all persons involved in its consideration, development, implementation and, if applicable, termination, for the past five years.

ANSWER:

INTERROGATORY NO. 16:

Identify and explain all policies, practices and procedures regarding calls made by Defendant to cellular telephones and the complete history of each. Please include a detailed description of the policy, practices or procedures including the date it was first considered, the date it was implemented, all persons involved in its consideration, development, implementation and, if applicable, termination for the past five years.

ANSWER:

15

INTERROGATORY NO. 17:

Provide a line by line description and explanation of all activity which Defendant recorded in computer screen shots and electronic notes taken by your employees during any communications with the plaintiff or which in any way reference the Plaintiff and include all dates and times.

ANSWER:

INTERROGATORY NO. 18:

Does Defendant use telephone equipment which has the capacity to store or produce pre-determined, random or sequential telephone numbers and/or to dial such numbers to contact consumers.

ANSWER:

INTERROGATORY NO. 19:

Identify and describe fully any and all computerized, mechanical, manual, or other system(s) that Defendants use, maintain, or operate to record any and all mail, telephone, in-person, or other forms of communications, or attempted communications, with persons or other third parties (including third parties/creditors supplying information on plaintiff/consumers) in connection with its business, and Defendants' policies and procedures for operating such a system of records.

ANSWER:

INTERROGATORY NO. 20:

In the form of a chronology, identify and describe in detail and with particularity, the process, events, and circumstances under which the Plaintiff's telephone number(s) was obtained, referred, placed or otherwise assigned to the Defendants, identifying all documents relevant to, related to, or reflecting such referral, placement, or assignment.

ANSWER:


INTERROGATORY NO. 21:

Identify all documents, reports, spreadsheets, or other data of any kind summarizing, detailing, or tracking the telephone number, quantity, frequency, date, time and/or instance of any attempt by Defendant(s) to contact Plaintiff(s) by telephone or otherwise, along with the physical location and identify and telephone number of the custodian of such records, regardless of whether or not such attempted or successful contact was initiated by Defendant(s) or other service providers.

ANSWER:

<u>INTERROGATORY NO. 22:</u>

Identify all present and past contracts or agreements between Defendant and the creditor (whose collection account is the subject of this lawsuit) and give the date of the initial contract or agreement with the creditor.

ANSWER:

## PRODUCTION OF DOCUMENTS

Plaintiff requests that Defendant produce the following documents in accordance with the Superior Court Rules of Civil Procedure and mail to:

Christopher Laccinole
23 Othmar Street
Narragansett RI 02882

PRODUCE:

1.    All contracts or manuals regarding the telephone and communications systems used to call Plaintiff.

2.    All contracts and retainer agreements with any previous creditor of the collection account (which is the subject of this lawsuit) and any intermediary, servicer, or forwarder concerning collection of debts such as the debt which is the subject of this lawsuit.

3.    All documents concerning the amounts listed as owing in your collection letters, including contracts, invoices, formulas, instructions, calculations, canceled checks, logs, and bookkeeping or accounting entries.

4.    Produce any and all documents that reflect any disciplinary violations issued by Defendant in connection with Defendant contacting Plaintiff.

5.    Produce all contracts and amendments thereto between the Defendant and its third party auto dialer vendors, in both printed and as electronically received and stored.

6.    Produce any and all letters, memos, notes, or documents generated and/or received by Defendant regarding any and all calls made to Plaintiff.

7.    Produce any and all documents that support any affirmative or bona fide error defenses asserted by the Defendant or that the acts or omissions which were alleged

19

by the Plaintiff were the result of errors, acts or omissions of Co-Defendants in this matter (or third parties not named in the action), and not as a result of any act, error or omission of Defendant.

8.  Produce the declaration and policy contract of any insurance which may be available to cover such incidents as described in the complaint.

9.  Any and all printouts computer, mechanical, electronic, screen shots or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any manner by Defendant in placing telecommunications calls to Plaintiff, which include any Plaintiff's name, address, telephone number(s), account number, or any other information which is personally identifiable and related to any Plaintiff.  PLEASE PRODUCE THESE ITEMS IN THEIR NATIVE, READABLE, ELECTRONIC, AND SEARCHABLE FORMAT.

10.  Copies of all contracts between Defendant and third party skip tracing and auto-dialer vendors.

11.  Produce any and all documentation and information regarding the Plaintiff received by the Defendant from its third party auto dialer vendors, in both printed and as electronically received and stored.

12.  All documents transmitted to Plaintiff. Please include the formatting for any letter or document which you sent but for which you do not have a precise copy.

13.  Documents summarizing, describing, instructing, detailing, or otherwise training any and all of Defendant's employees in any and all of the following areas:

    a.  Defendant's telecommunications policies;

20

b.  Defendant's telecommunications procedures;

c.  Defendant's telecommunications methods;

d.  Defendant's telecommunications techniques;

e.  Defendant's telecommunications tactics;

f.  Defendant's telecommunications rules;

g.  Defendant's compliance with the federal and state laws which Plaintiff alleges Defendant violated in this case;

h.  Defendant's internal telecommunications regulations; and

i.  Defendant's compliance with local, state, or federal laws, codes, or regulations.

14.  Produce copies of all reports and documents utilized by an expert which Defendant proposes to call at trial.

15.  Produce all documents used and identified by you in response to each Request for Admission served contemporaneously with this request.

16.  All documents concerning the collection account (which is the subject of this lawsuit) and Defendant's efforts to investigate and collect thereon, including all internal collection records, collection screens, audit records, credit reports, skip trace reports and correspondence.

17.  Produce all journals, memoranda, notes, calendars, correspondence, emails, account statements, and any other documentation upon which you intend to rely to substantiate your claims.

18.  All documents concerning or relating to any effort, ever, by Defendant to determine a process, policy, or practice whereby Defendant could determine whether a

21

telephone number is or was a cellular telephone number.

19.    Provide any and all documents, data or things that show the Plaintiff's express consent to receive telephone calls on a cellular telephone, or to receive calls on their cellular phone through use of an automatic telephone dialing system or a system that has the capacity to autodial.

20.    Any and all documents recording, documenting, or otherwise tracking Defendants' attempts to call Plaintiff, including but not limited to:

    a.    Records of all inbound or outbound telephone calls, to or from any Plaintiff;

    b.    Records of all inbound or outbound United States mail, to or from any Plaintiff.

    c.    Records of all other inbound or outbound communication of whatever kind, to or from any Plaintiff.

    d.    Records of all other inbound or outbound communication of whatever kind, to or from any Plaintiff from third party auto-dialer vendors.

21.    Produce any insurance agreement (including policies for errors and omission) under which any person carrying on as an insurance business may be liable to satisfy all or part of a judgment which may be entered herein or to indemnify or reimburse for payments made to satisfy the judgment.

22.    All documents concerning your procedures reasonably adapted to make sure a consumer is not contacted once Defendant receives notice of a cease communication request.

23.    Produce all income tax returns of the Defendant for the past two years.

22

24. The text of prerecorded messages left for the consumer as it existed between January 1, 2018 and July 16, 2020.

25. Produce copies of any litigation filed against the Defendant containing provisions dealing directly with the alleged violations of the FDCPA, TCPA, RI FDCPA, or RI DTPA.

26. All documents relating to plaintiff, Christopher M Laccinole, or which are indexed, filed or retrievable under Plaintiff's name, telephone number, or any number, symbol, designation, or code (such as an account number or Social Security number) assigned to Plaintiff.

27. Any and all documents in the possession or control of the Defendant that any Defendant claims are in any way relevant to the subject matter of the instant lawsuit.

28. All documents that discuss or relate to policies, practices or procedures associated with making telephone calls to consumer cellular phones, including but not limited to use of an automatic telephone dialing systems.

29. All manuals, memoranda, instructions and other documents which discuss describe or set forth standards, criteria, guidelines, policies or practices relating to the TCPA, RI FDCPA, FDCPA, RI DTPA as they relate in any way to Defendant making telephone calls.

30. Produce all manuals, procedures, training materials, and protocols used in the last four years by Defendant to comply with the TCPA, FDCPA, RI FDCPA, or RI DTPA.

31. Produce a plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained

23

in any of the documents produced above.

32. All agreements with the creditor of the collection account (which is the subject of this lawsuit) and any intermediary, servicer, or forwarder concerning collection of debts such as the debt which is the subject of this lawsuit.

33. Produce your Employee Manual(s).

34. All invoices over the past five years for telephony equipment or software, including but not limited to automatic telephone dialing systems.

35. All sales literature for telephony equipment or software used by Defendant over the past five years, including but not limited to automatic dialing systems.

36. All insurance policies that could possibly afford coverage with respect to the matters complained of in this case together with all correspondence accepting or declining coverage or reserving rights with respect thereto.

37. All statistics, studies and/or reports in Defendant's possession concerning the use of telephony and/or the use of automatic telephone dialing systems or system with the capacity to autodial.

38. All manuals, memoranda, emails, data, instructions, and other documents setting forth defendant's policies, procedures or practices relating to it's business by means of telephone calls, including but not limited to the use of automatic telephone dialing systems.

39. Any and all written procedures in place for removing consumer's cell number from the Defendant's auto-dialer (and/or Defendant's third party auto dialer vendors) after consumer revokes consent to be called on his or her cell phone or wireline.

40. Produce all written documents which identify and discuss duties of the managing

officer or agent responsible for TCPA policy and compliance.

41. All documents from any third party that concern Defendant's making telephone calls to consumer's cellular phones, including but not limited to flyers, publications, emails, audio files and presentations.

42. All documents from any source used by Defendant that concern the legality or propriety of making telephone calls to consumer's wireless and wireline phones.

43. Please do a manual and computer search for the past five years for all documents, emails or things in your possession that mention the following specific terms:

    a. Telephone Consumer Protection Act;

    b. TCPA;

    c. Auto-dialer;

    d. Auto within 5 words of dial;

44. All documents (irrespective of date) relating to any claim made against defendant for violating the TCPA, FDCPA, RI FDCPA, RI DTPA, any state statute regulating telecommunication practices, or of committing a tort while engaging in telephone calls to wireless or wireline phones.

45. All contracts, agreements, manuals, and communications with third parties concerning Defendant's telephony systems and dialing telephone calls over the past five years.

46. All manuals, communications and other documents relating to telephony hardware, software and other telephone equipment used to call Plaintiff.

47. All documents concerning or relating to any effort, ever, by Defendant to determine a process, policy, or practice whereby Defendant could comply with the TCPA.

25

48. All documents relating to any judicial or administrative proceeding (irrespective of date) in which Defendant was accused of violating the Telephone Consumer Protection Act, any state statute regulating telecommunications, or of committing a tort while engaging in telecommunications activities, where the accusation concerns telephone calls to wireless and/or wireline phones.

49. All documents relating to the maintenance by defendant of policies, practices or procedures adapted to avoid calling persons who have registered their phone numbers on the national DNC.

50. All documents (irrespective of date) which constitute or reflect communications between defendant and public or private agencies that receive consumer complaints (such as an Attorney General's office, the Federal Trade Commission, a Better Business Bureau or newspaper column), relating to telephone calls to wireless or wireline phones.

51. All documents concerning or relating to any effort, ever, by Defendant to determine a process, policy or practice whereby Defendant could comply with the TCPA's provisions concerning the national DNC.

52. Produce all financial reports and statements to investors of the Defendant for the past two years.

53. Produce the chart of the Defendant's organization of corporate officers and directors including TCPA compliance officers and legal department;

54. All organizational charts of Defendant for the department that contacted Plaintiff or the departments responsible for purchasing or maintaining the communications system that was used to call Plaintiff.

26

55. Defendant's entire file, including any documents or data that show Plaintiff's consent to receive calls on his/her cellular telephone.

56. Any and all training, personnel, or other instruction manuals used by any and all telephone personnel who are employed by or supervised by Defendants.

57. Any and all telecommunications software manuals and/or instruction guides for each and every computer system, software package, software system, telephone system, electronic device, or non-electronic device used in any manner by Defendants in making telecommunications calls.

58. All documents relating to the maintenance by defendant of policies, practices or procedures adapted to avoid calling persons who did not consent, or revoked consent, to be called on their cellular telephones.

59. Produce all documents that are in your possession, custody, or control that you may use at trial to support your defenses with respect to Plaintiff's Complaint.

60. All documents transmitted to Defendant by or on behalf of the creditor of the collection account (which is the subject of this lawsuit) and any intermediary, servicer or forwarder with regards to the collection account which is the subject of this lawsuit.

61. All screen shots and electronic notes taken by your employees during any communications with the plaintiff or which in any way reference the Plaintiff.

62. Any and all documents identified in Defendant's response to all sets of Plaintiff's Request for Admissions, and Requests for Statements.

63. Produce any audio recordings of calls made to Plaintiff.

64. All documents (irrespective of date) that discuss Defendant's compliance or lack of

27

compliance with the Telephone Consumer Protection Act.

65.   All records of outgoing calls which Defendant made to Plaintiff's wireless or wireline phone(s) [including 401 258 7701] for the past five years.

66.   All records of outgoing text messages which Defendant made to Plaintiff's wireless or wireline phone(s) [including 401 258 7701] for the past five years.

67.   Produce any audio recordings of calls made to 401 258 7701.

68.   All documents (irrespective of date) that discuss Defendant's compliance or lack of compliance with the Telephone Consumer Protection Act.

69.   Produce all exhibits which Defendant proposes to introduce at trial.

70.   Produce all past judgments, court opinions, complaints, and consent orders concerning your practices under the TCPA, FDCPA, RI FDCPA, or RI DTPA.

71.   Produce a legend for the records produced in production of documents number 70.

72.   Produce a list of all Rhode Island persons that you called from January 1, 2018 to July 16, 2020.

## REQUESTS FOR ADMISSION

### INSTRUCTIONS

The Defendants must respond to these Admissions of Facts within thirty (30) days of the date of being served. Any Objections to the Requests for Admissions must be filed with the Court prior to the expiration of thirty (30) days of the certification herein. It shall not be a proper Objection that the requested Admission seeks admission of a central fact in question, nor shall it be deemed a valid objection that the Defendant claims no knowledge of the fact in question. All responses or Objections must be made in compliance with the Superior Court Rules of Civil Procedure. In the event that the party responding to the Request for Admissions denies a request, and the Plaintiff is required to prove the truth of the matter asserted in the request, the responding party may be deemed liable for the costs of proving such fact, including attorney fees.

1.      In responding to this Request, you are required to exercise reasonable diligence and provide a response when the facts are available to you or any of your representatives, divisions, employees, agents, or attorneys and to obtain and furnish all information that is in your possession or under your control, or in the possession or under the control of any of your representatives, divisions, employees, agents or attorneys, as may be necessary to admit or deny the fact asserted.

2.      "Plaintiff" shall refer to the Plaintiff, Christopher Laccinole.

3.      "Defendant" shall refer to the Defendant, Sequium Asset Solutions, LLC.

4.      The term "any" shall be deemed to include and encompass the words "each" and "all".

5.      The past tense shall be construed to include the present tense and vice versa to make

29

the request inclusive rather than exclusive.

6. The singular shall be construed to include the plural and vice versa to make the request inclusive rather than exclusive.

7. The terms "you" and "your" shall be construed to include the Defendant.

8. "Exhibit 1" shall refer to the letter sent by the Plaintiff to the Defendant on March 28, 2020, attached hereto as Exhibit 1.

9. "Exhibit 2" shall refer to the return receipt from the letter the Plaintiff sent to the Defendant on March 28, 2020, attached hereto as Exhibit 2.

10. Exhibit A shall refer to the Exhibit A in Plaintiff's Complaint.

11. Exhibit B shall refer to the Exhibit B in Plaintiff's Complaint.

ADMISSIONS:

1. Admit that Defendant called 401 258 7701 on March 23, 2020.

2. Admit that Defendant called 401 258 7701 on March 24, 2020.

3. Admit that Defendant called 401 258 7701 on March 25, 2020.

4. Admit that Defendant called 401 258 7701 twice on March 26, 2020.

5. Admit that Defendant called 401 258 7701 on March 27, 2020.

6. Admit that Defendant called 401 258 7701 on March 28, 2020.

7. Admit that Defendant called 401 258 7701 on March 30, 2020.

8. Admit that Defendant called 401 258 7701 on March 31, 2020.

9. Admit that Defendant called 401 258 7701 on April 1, 2020.

10. Admit that Defendant utilized automated or pre-recorded voice to place at least two (2) calls to the telephone number 401 258 7701.

11. Admit that Defendant used equipment with the capacity to dial telephone numbers

30

without human intervention to call 401 258 7701.

12.     Admit that Defendant is a debt collector as defined by the FDCPA.

13.     Admit that Defendant used an automatic telephone dialing system to call some of its customers according to its own policies and procedures.

14.     Admit that Defendant utilized artificial or pre-recorded voice to call Plaintiff according to its own policies and procedures.

15.     Admit that Defendant utilized artificial or pre-recorded voice to call some of its customers according to its own policies and procedures.

16.     Admit that Defendant had a predictive telephone dialing system.

17.     Admit that Defendant used a predictive telephone dialing system to call Plaintiff.

18.     Admit that Defendant used a predictive telephone dialing system to call Plaintiff's cellular telephone.

19.     Admit that Defendant used a predictive telephone dialing system to call 401 258 7701.

20.     Admit that Defendant used a predictive telephone dialing system to place at least two (2) calls to the telephone number 401 258 7701.

21.     Admit that Defendant used a predictive telephone dialing system to call Plaintiff according to its own policies and procedures.

22.     Admit that the cell phone number 401 258 7701 at all times material and relevant to this matter is a cellular telephone number assigned to Plaintiff.

23.     Admit that Defendant called the telephone number 401 258 7701 without the express consent of Plaintiff.

24.     Admit that Defendant used a predictive telephone dialing system to call some of its

31

customers according to its own policies and procedures.

25. Admit that at times during the applicable time period, Defendant had no policy, practice or procedure in place whereby Defendant would determine whether a telephone number was a cellular telephone number before calling.

26. Admit that Defendant uses the number 401 406 5025 to call consumers.

27. Admit that Defendant uses the number 401 406 5744 to call consumers.

28. Admit that Defendant uses the number 401 406 5846 to call consumers.

29. Admit that Plaintiff did not give Defendant consent to call his cellular telephone number.

30. Admit that Defendant utilized automated or pre-recorded voice in contacting consumers.

31. Admit that Defendant utilized artificial or pre-recorded voice in contacting Plaintiff.

32. Admit that Defendant used artificial or pre-recorded voice to call Plaintiff's cellular telephone.

33. Admit that Defendant used artificial or pre-recorded voice to place calls to 401 258 7701.

34. Admit that Defendant used equipment with the capacity to dial telephone numbers without human intervention to call some of its customers according to its own policies and procedures.

35. Admit that at times during the applicable time period, Defendant had a policy or practice of obtaining cellular telephone numbers for its customers by obtaining skip-tracing reports concerning them.

36. Admit that at times during the applicable time period, Defendant had a policy or

32

practice of calling its customer's cellular telephone numbers after obtaining the same through skip-tracing reports.

37. Admit that Defendant did not have an emergency purpose for calling the telephone number 401 258 7701.

38. Admit that at times during the applicable time period, Defendant did not have a policy or practice of obtaining consent from its customers before calling their cellular telephone numbers.

39. Admit that you are a financial institution pursuant to the Gramm-Leach-Bliley Act (15 U.S.C. §§ 6801 through 6809), hereinafter "GLBA."

40. Admit that Defendant used an automatic telephone dialing system to call Plaintiff.

41. Admit that Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone number.

42. Admit that Plaintiff is a person as defined by the Rhode Island Deceptive Trade Practices Act.

43. Admit that Plaintiff is a person as described by the TCPA.

44. Admit that Defendant is a person as described by the TCPA.

45. Admit that Defendant is a person as defined by the Rhode Island Deceptive Trade Practices Act.

46. Admit that Defendant did not have an emergency purpose for calling the telephone number 401 258 7701.

47. Admit that Defendant received Exhibit 1.

48. Admit that an employee of Defendant signed Exhibit 2.

49. Admit that Plaintiff is a consumer as described in the GLBA.

33

50.    Admit that Plaintiff is a customer as described in the GLBA.

51.    Admit that you did not provide a privacy notice to Plaintiff as mandated by GLBA.

52.    Admit that you did not provide an opt out notice to Plaintiff as mandated by GLBA.

53.    Admit that you did not mail any document to Plaintiff in response to his letter at Exhibit 1.

54.    Admit that you did not provide verification of any debt to Plaintiff.

55.    Admit that Defendant used an automatic telephone dialing system to call Plaintiff according to its own policies and procedures.

56.    Admit that Defendant had an automatic telephone dialing system as that term is defined in 47 U.S.C. § 227(a)(1).

57.    Admit that Defendant used equipment with the capacity to dial telephone numbers without human intervention to call Plaintiff according to its own policies and procedures.

58.    Admit that Plaintiff is a consumer as described by the FDCPA.

59.    Admit that Plaintiff is a person as described by the FDCPA.

60.    Admit that Defendant's file on Plaintiff included a reference to the phone number 401 258 7701.

61.    Admit that Defendant used an automatic telephone dialing system to call the telephone number 401 258 7701.

62.    Admit that Defendant used an automatic telephone dialing system to place at least two (2) calls to the telephone number 401 258 7701.

63.    Admit that Defendant used equipment with the capacity to dial telephone numbers without human intervention to call Plaintiff.

34

64.    Admit that you have a permit through the State of Texas Public Utility Commission to use an Automatic Dial Announcing Device.

65.    Admit that Exhibit B is a permit for your automatic dial announcing device.

66.    Admit that Shantal Jackson filed Exhibit B.

67.    Admit that Defendant used equipment with the capacity to dial telephone numbers without human intervention to call Plaintiff's cellular telephone.

68.    Admit that Defendant used equipment with the capacity to dial telephone numbers without human intervention to call 401 258 7701.

69.    Admit that Defendant used equipment with the capacity to dial telephone numbers without human intervention to place at least two (2) calls to the telephone number 401 258 7701.

70.    Admit that Plaintiff did not give Defendant consent to call 401 258 7701.

71.    Admit that Plaintiff's cellular phone number 401 258 7701 was registered with the National Do Not Call Registry.

72.    Admit that Plaintiff is a consumer as defined by the RI FDCPA.

73.    Admit that Plaintiff is a person as described by the RI FDCPA.

74.    Admit that Defendant is a debt collector as defined by the RI FDCPA.

75.    Admit that Defendant had equipment with the capacity to dial telephone numbers without human intervention.

76.    Admit that Plaintiff doesn't owe you any money.

77.    Admit that during all communications with Plaintiff, you never disclosed that the debt was in dispute.

78.    Admit that you do not maintain a written policy for maintaining a do-not-call list.

79.   Admit that you have not informed and trained personnel engaged in making calls on the use of the do-not-call list.

80.   Admit that Plaintiff incurred damages as a result of your conduct.

81.   Admit that you use several phone numbers with a 401 area code to contact consumers in Rhode Island.

82.   Admit that Gregory Schubert registered you on September 6, 2016 with the Rhode Island Secretary of State.

83.   Admit that Gregory Schubert filed Exhibit A.

84.   Admit that Plaintiff purchased a cellular telephone and a cellular telephone service plan for personal use.

85.   Admit that Gregory Schubert is the President of Defendant.

86.   Admit that Shantal Jackson is the Corporate Compliance Officer of Defendant.

87.   Admit that you are not registered as a debt collector with the Rhode Island Department of Business Regulation.

88.   Admit that you are registered as a limited liability corporation with the Rhode Island Secretary of State.

89.   Admit that Plaintiff has never had a business relationship with Defendant.

90.   Admit that Gregory Schubert is a debt collector as defined by the RI FDCPA.

91.   Admit that Gregory Schubert is a debt collector as defined by the FDCPA.

92.   Admit that Gregory Schubert is a person as defined by the Rhode Island Deceptive Trade Practices Act.

93.   Admit that Shantal Jackson is a debt collector as defined by the RI FDCPA.

94.   Admit that Shantal Jackson is a debt collector as defined by the FDCPA.

95.     Admit that Shantal Jackson is a person as defined by the Rhode Island Deceptive

Trade Practices Act.

Date:  July 17, 2020

                                    The Plaintiff,
                                    Christopher Laccinole

                                    /s/ Christopher M. Laccinole
                                    Christopher M. Laccinole
                                    23 Othmar St.
                                    Narragansett, RI 02882
                                    chrislaccinole@gmail.com


## CERTIFICATE OF SERVICE

The Plaintiff certifies that on July 17, 2020, he mailed a copy of the foregoing Plaintiff's
First Set of Combined Interrogatories, Requests for Production of Documents, and Requests
for Admission by USPS certified return receipt mail to the registered agent of Defendant at:

Sequium Asset Solutions, LLC
Registered Agent Solutions, Inc.
222 Jefferson Blvd, Suite 200
Warwick, RI 02888

                                    The Plaintiff,

                                    /s/ Christopher Laccinole
                                    Christopher M. Laccinole
                                    23 Othmar St.
                                    Narragansett, RI 02882
                                    chrislaccinole@gmail.com

37

# EXHIBIT

# 1

March 28, 2020

Sequium Asset Solutions, LLC

1130 Northchase Parkway, Suite 150

Marietta, GA 30067


Dear Sequium,

I dispute any debt.

Please validate.

All calls are inconvenient.

Please don't call me.

You have the wrong number.

Communicate through US Mail only.



Sincerely,

Chris Laccinole

17 Richard Smith

Narragansett, RI 02882

(401) 258-7701

# EXHIBIT

# 2

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Sequium Asset Solutions LLC
1130 Northchase Parkway
Suite 150
Marietta, GA 30067

9590 9402 5422 9189 0626 71

2. Article Number (Transfer from service label)

7019 2280 0000 4950 9996

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Seqium Asset Sc··
1130 Northchas·

☐ Agent
☐ Addressee

B. Received by (Printed Name)
Suite 15
Marietta, GA

C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
   Mail
   Mail Restricted Delivery
   )0)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

# EXHIBIT

# 1

March 28, 2020

Sequium Asset Solutions, LLC

1130 Northchase Parkway, Suite 150

Marietta, GA 30067

Dear Sequium,

I dispute any debt.

Please validate.

All calls are inconvenient.

Please don't call me.

You have the wrong number.

Communicate through US Mail only.

Sincerely,

Chris Laccinole

17 Richard Smith

Narragansett, RI 02882

(401) 258-7701

# EXHIBIT

# 2

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Sequium Asset Solutions LLC
1130 Northchase Parkway
Suite 150
Marietta, GA 30067

9590 9402 5422 9189 0626 71

2. Article Number (Transfer from service label)

7019 2280 0000 4950 9996

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  Sequium Asset So...
   1130 Northchas...
☐ Agent
☐ Addressee

B. Received by (Printed Name)
Marietta, GA
C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
   Mail
   Mail Restricted Delivery
   )0)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

PRESS FIRMLY TO SEAL

PRIORITY MAIL
POSTAGE REQUIRED



PRIORITY MAIL

UNITED STATES POSTAL SERVICE

# PRIORITY MAIL ★

DATE OF DELIVERY SPECIFIED *

USPS TRACKING™ INCLUDED *

INSURANCE INCLUDED *

PICKUP AVAILABLE

* Domestic only

USED INTERNATIONALLY,
USTOMS DECLARATION
EL MAY BE REQUIRED.

7018 3090 0000 7519 3692

From

**Chris Laccinole**
**23 Othmar Street**
**Narragansett, RI 02882**

**TO** Sequium Asset Solutions, LLC
Registered Agent Solutions, Inc.
222 Jefferson Blvd, Suite 200
Warwick RI 02888



VISIT US AT USPS.COM®

 UNITED ST.

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 8/7/2020 4:57 PM
Envelope: 2697565
Reviewer: Lindsay Z.

WESTATE OF RHODE ISLAND                              SUPERIOR COURT
WASHINGTON SC.

| | |
|---|---|
| CHRISTOPHER LACCINOLE, | |
|       Plaintiff, | CASE NO. WC-2020-0285 |
| | |
| v. | |
| | |
| SEQUIUM ASSET SOLUTIONS, LLC, AND GREGORY E. SCHUBERT, AND SHANTAL JACKSON, AND DOES 1-10 INCLUSIVE | |
|       Defendants. | |

---

**DEFENDANTS' SEQUIUM ASSET SOLUTIONS, LLC, GREGORY E. SCHUBERT, and SHANTAL JACKSON'S ANSWER**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendants SEQUIUM ASSET SOLUTIONS, LLC, AND GREGORY E. SCHUBERT, AND SHANTAL JACKSON, (collectively, the "Defendants") by and through its undersigned counsel, and files this Answer to Plaintiff Christopher Laccinole ("Plaintiff")'s Complaint as follows:

### INTRODUCTION

1. Defendants admit that Plaintiff brings this suit alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq.* (the "TCPA"), and the Rhode Island Fair Debt Collection Practices Act, RIGL § 19-14.9, et seq. (the RIFDCPA"). However, Defendants deny committing any violations of these statutes against Plaintiff and deny that Plaintiff is entitled to damages.

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 8/7/2020 4:57 PM
Envelope: 2697565
Reviewer: Lindsay Z.

Case 1:20-cv-00359-WES-PAS    Document 2-1    Filed 08/17/20    Page 101 of 116 PageID #: 223

2.      Defendants admit that Plaintiff seeks damages alleging violations of the Rhode Island Deceptive Trade Practices Act, RIGL § 6-13.1 *et seq.* ("DTPA"). Defendants deny that any violations occurred and deny that Plaintiff is entitled to damages.

3.      Defendants admit that Plaintiff seeks damages alleging violations of RIGL § 9-1-28.1 *et seq.* Defendants deny that any violations occurred and deny that Plaintiff is entitled to damages.

4.      Defendants admit that Plaintiff seeks declaratory relief under the Rhode Island Uniform Declaratory Judgments Act (RIGL § 9-30-1). Defendants deny that any violations occurred and deny that Plaintiff is entitled to declaratory relief.

5.      Defendants admit that Plaintiff seeks damages alleging violations of the Rhode Island's RICO Act § 7-15 *et seq.* ("DTPA"). Defendants deny that any violations occurred and deny that Plaintiff is entitled to damages.

6.      Defendants admit that Plaintiff seeks damages alleging violations under RIGL § 9-1-2. Defendants deny that any violations occurred and deny that Plaintiff is entitled to damages.

7.      Defendants deny Paragraph 7.

## JURISDICTION AND VENUE

8.      Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 8; therefore, they deny the same.

9.      Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 9; therefore, they deny the same.

10.     Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 10; therefore, they deny the same.

11.     Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 11; therefore, they deny the same.

2

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 8/7/2020 4:57 PM
Envelope: 2697565
Reviewer: Lindsay Z.

12. Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 12; therefore, they deny the same.

13. Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 13; therefore, they deny the same.

14. Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 14; therefore, they deny the same.

15. Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 15; therefore, they deny the same.

## PARTIES

16. Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 16; therefore, they deny the same.

17. Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 17; therefore, they deny the same.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 18; therefore, they deny the same.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 19; therefore, they deny the same.

20. Defendants admit Paragraph 20.

21. Defendants admit Paragraph 21.

22. Defendants admit Paragraph 22.

23. Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 23; therefore, they deny the same.

24. Defendants lack knowledge or information sufficient to form a belief about the truth of

3

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 8/7/2020 4:57 PM
Envelope: 2697565
Reviewer: Lindsay Z.

Case 1:20-cv-00359-WES-PAS    Document 2-1    Filed 08/17/20    Page 103 of 116 PageID #: 225

Paragraph 24; therefore, they deny the same.

24. Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 25; therefore, they deny the same.

26. Defendants admit that Sequium, as a company, regularly collects debts but lack knowledge or information sufficient to form a belief as to whether it acted as a "debt collector" as defined by the above mentioned statutes in this matter; therefore, they deny Paragraph 26.

27. Defendants admit that Sequium, as a company, regularly collects debts using the mails and telephone but lack knowledge or information sufficient to form a belief as to whether it acted as a "debt collector" as defined by the above mentioned statutes in this matter; therefore, they deny Paragraph 27.

28. Defendants admit that Sequium, as a company, regularly collects debts but lack knowledge or information sufficient to form a belief as to whether it acted as a "debt collector" as defined by the above mentioned statutes in this matter; therefore, they deny Paragraph 28.

29. Defendants admit that Sequium, at times, acts as a "debt collector" as defined by the FDCPA; however, they lack knowledge or information sufficient to form a belief as to whether it acted as a "debt collector" as defined by the FDCPA this matter; therefore, they deny Paragraph 29.

30. Defendants admit that Sequium, at times, acts as a "debt collector" as defined by the RIFDCPA; however, they lack knowledge or information sufficient to form a belief as to whether it acted as a "debt collector" as defined by the RIFDCPA this matter; therefore, they deny Paragraph 30.

31. Defendants admit Paragraph 31; however, they clarify that Sequium is registered through the Rhode Island Department of State to conduct business in the State of Rhode Island.

4

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 8/7/2020 4:57 PM
Envelope: 2697565
Reviewer: Lindsay Z.

Case 1:20-cv-00359-WES-PAS    Document 2-1    Filed 08/17/20    Page 104 of 116 PageID
#: 226

32. Defendants admit Paragraph 32.

33. Defendants admit Paragraph 33.

34. Defendants admit Paragraph 34.

35. Defendants admit that Gregory Schubert directs company policy. However, Defendants deny that Gregory Schubert directly or indirectly caused any violation as alleged by Plaintiff.

36. Defendants deny Paragraph 36.

37. Defendants deny Paragraph 37.

38. Defendants deny Paragraph 38.

39. Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 39; therefore, they deny the same.

40. Defendants assert that Exhibit A speaks for itself.

41. Defendants admit Paragraph 41.

42. Defendants admit Paragraph 42.

43. Defendants admit that Shantal Jackson directs company policy. However, Defendants deny that Shantal Jackson directly or indirectly caused any violation as alleged by Plaintiff.

44. Defendants deny Paragraph 44.

45. Defendants deny Paragraph 45.

46. Defendants deny Paragraph 46.

47. Defendants deny Paragraph 47.

48. Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 48; therefore, they deny the same.

49. Defendants assert that Exhibit B speaks for itself.

50. Defendants deny Paragraph 50 insomuch as there should be no other named defendants as

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 8/7/2020 4:57 PM
Envelope: 2697565
Reviewer: Lindsay Z.

Case 1:20-cv-00359-WES-PAS    Document 2-1    Filed 08/17/20    Page 105 of 116 PageID #: 227

no person from Sequium, or the company itself, committed any violations of the law against Plaintiff.

## FACTUAL ALLEGATIONS

51.     Defendants admit that Sequium regularly collects debts on behalf of original creditors and, at times, owed to third parties; however, they lack knowledge or information sufficient to form a belief as to whether it acted as a "debt collector" as defined by the FDCPA this matter; therefore, they deny Paragraph 51.

52.     Defendants admit that Sequium, at times, acts as a "debt collector" as defined by the FDCPA; however, they lack knowledge or information sufficient to form a belief as to whether it acted as a "debt collector" as defined by the FDCPA this matter; therefore, they deny Paragraph 52.

53.     Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 53; therefore, they deny the same.

54.     Defendants admit that Sequium, as a company, may act through its officers and employees so long as they act within the scope of their authority. Defendants deny that any violations occurred in this matter.

55.     Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 55; therefore, they deny the same.

56.     Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 56; therefore, they deny the same.

57.     Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 57; therefore, they deny the same.

58.     Defendants lack knowledge or information sufficient to form a belief about the truth of

6

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 8/7/2020 4:57 PM
Envelope: 2697565
Reviewer: Lindsay Z.

Case 1:20-cv-00359-WES-PAS     Document 2-1     Filed 08/17/20     Page 106 of 116 PageID
#: 228

Paragraph 58; therefore, they deny the same.

59.     Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 59; therefore, they deny the same.

60.     Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 60; therefore, they deny the same.

61.     Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 61; therefore, they deny the same.

62.     Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 62; therefore, they deny the same.  Furthermore, Defendants admit that Sequium, as a company, regularly collects debts but lack knowledge or information sufficient to form a belief as to whether it acted as a "debt collector" as defined by the above mentioned statutes in this matter; therefore, they deny Paragraph 62.

63.     Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 63; therefore, they deny the same.

64.     Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 64; therefore, they deny the same.

65.     Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 65; therefore, they deny the same.

66.     Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 66; therefore, they deny the same.

67.     Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 67; therefore, they deny the same.

68.     Defendants lack knowledge or information sufficient to form a belief about the truth of

7

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 8/7/2020 4:57 PM
Envelope: 2697565
Reviewer: Lindsay Z.

Paragraph 68; therefore, they deny the same.

69. Defendants deny that Sequium uses an ATDS as defined by the TCPA.

70. Defendants deny that Sequium uses an ATDS as defined by the TCPA.

71. Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 71; therefore, they deny the same.

72. Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 72; therefore, they deny the same.

73. Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 73; therefore, they deny the same.

74. Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 74; therefore, they deny the same.

75. Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 75; therefore, they deny the same.

76. Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 76; therefore, they deny the same.

77. Defendants denies the assertion that it would need to validate a debt for a third-party.

78. Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 78; therefore, they deny the same.

79. Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 79; therefore, they deny the same.

80. Defendants deny Paragraph 80.

81. Defendants deny Paragraph 81.

82. Defendants lack knowledge or information sufficient to form a belief about the truth of

8

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 8/7/2020 4:57 PM
Envelope: 2697565
Reviewer: Lindsay Z.

Paragraph 82; therefore, they deny the same.

83.     Defendants admit Paragraph 83.

84.     Defendants deny Paragraph 84.

85.     Defendants deny Paragraph 85.

86.     Defendants deny Paragraph 86.

87.     Defendants deny Paragraph 87.

88.     Defendants deny Paragraph 88.

89.     Defendants deny Paragraph 89.

90.     Defendants deny Paragraph 90.

91.     Defendants deny Paragraph 91.

92.     Defendants deny Paragraph 92.

93.     Defendants deny Paragraph 93.

94.     Defendants deny Paragraph 94.

95.     Defendants deny Paragraph 95.

96.     Defendants deny Paragraph 96.

97.     Defendants deny Paragraph 97.

98.     Defendants deny Paragraph 98.

99.     Defendants assert that Paragraph 99 asserts a conclusion of law to which no response is required.

100.    Defendants deny that it had any obligation as inferred in Paragraph 100.

101.    Defendants deny that it had any  obligation as inferred in Paragraph 101.

102.    Defendants deny Paragraph 102.

103.    Defendants deny Paragraph 103.

104.     Defendants deny Paragraph 104.

105.     Defendants deny Paragraph 105.

106.     Defendants deny Paragraph 106.

107.     Defendants deny Paragraph 107.

## STATUTORY STRUCTURE OF RIFDCPA

108.     Defendants deny Paragraph 108 as it is an inaccurate or incomplete statement of law.

109.     Defendants deny Paragraph 109 as it is an inaccurate or incomplete statement of law.

110.     Defendants deny Paragraph 110 as it is an inaccurate or incomplete statement of law.

111.     Defendants deny Paragraph 111 as it is an inaccurate or incomplete statement of law.

112.     Defendants deny Paragraph 112 as it is an inaccurate or incomplete statement of law.

113.     Defendants deny Paragraph 113 as it is an inaccurate or incomplete statement of law.

114.     Defendants deny Paragraph 114 as it is an inaccurate or incomplete statement of law.

115.     Defendants deny Paragraph 115 as it is an inaccurate or incomplete statement of law.

116.     Defendants deny Paragraph 116 as it is an inaccurate or incomplete statement of law.

117.     Defendants deny Paragraph 117 as it is an inaccurate or incomplete statement of law.

118.     Defendants deny Paragraph 118 as it is an inaccurate or incomplete statement of law.

119.     Defendants deny Paragraph 119 as it is an inaccurate or incomplete statement of law.

120.     Defendants deny Paragraph 120 as it is an inaccurate or incomplete statement of law.

## STATUTORY STRUCTURE OF FDCPA

121.     Defendants deny Paragraph 121 as it is an inaccurate or incomplete statement of law.

122.     Defendants deny Paragraph 122 as it is an inaccurate or incomplete statement of law.  15 U.S.C. § 1692k(a)(3).

123.     Defendants deny Paragraph 123 as it is an inaccurate or incomplete statement of law.

10

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 8/7/2020 4:57 PM
Envelope: 2697565
Reviewer: Lindsay Z.

124.    Defendants deny Paragraph 124 as it is an inaccurate or incomplete statement of law.

125.    Defendants deny Paragraph 125 as it is an inaccurate or incomplete statement of law.

126.    Defendants deny Paragraph 126 as it is an inaccurate or incomplete statement of law.

127.    Defendants deny Paragraph 127 as it is an inaccurate or incomplete statement of law.

128.    Defendants deny Paragraph 128 as it is an inaccurate or incomplete statement of law.

129.    Defendants deny Paragraph 129 as it is an inaccurate or incomplete statement of law.

130.    Defendants deny Paragraph 130 as it is an inaccurate or incomplete statement of law.

131.    Defendants deny Paragraph 131 as it is an inaccurate or incomplete statement of law.

## STATUTORY STRUCTURE OF RIDTPA

132.    Defendants deny Paragraph 132 as it is an inaccurate or incomplete statement of law.

133.    Defendants deny Paragraph 133 as it is an inaccurate or incomplete statement of law.

134.    Defendants deny Paragraph 134 as it is an inaccurate or incomplete statement of law.

135.    Defendants deny Paragraph 135 as it is an inaccurate or incomplete statement of law.

136.    Defendants acknowledge that the RIDTPA does not define "consumers".

137.    Defendants deny Paragraph 137 as it is an inaccurate or incomplete statement of law.

138.    Defendants deny Paragraph 138 as it is an inaccurate or incomplete statement of law.

139.    Defendants deny Paragraph 139 as it is an inaccurate or incomplete statement of law.

## STATUTORY RIGHT TO PRIVACY

140.    Defendants deny Paragraph 140 as it is an inaccurate or incomplete statement of law.

## COUNT I

141.    Defendants deny Paragraph 141.

142.    Defendants deny Paragraph 142.

143.    Defendants deny Paragraph 143.

11

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 8/7/2020 4:57 PM
Envelope: 2697565
Reviewer: Lindsay Z.

144. Defendants deny Paragraph 144 and Plaintiff's prayer for relief.

## COUNT II

145. Defendants deny Paragraph 145.

146. Defendants deny Paragraph 146.

147. Defendants deny Paragraph 147.

148. Defendants deny Paragraph 148 and Plaintiff's prayer for relief.

## COUNT III

149. Defendants reallege and incorporate the responses above as if fully set forth herein.

150. Defendants deny Paragraph 150.

151. Defendants deny Paragraph 151.

152. Defendants deny Paragraph 152.

153. Defendants deny Paragraph 153.

154. Defendants deny Paragraph 154.

155. Defendants deny Paragraph 155.

156. Defendants deny Paragraph 156.

157. Defendants deny Paragraph 157.

158. Defendants deny Paragraph 158 and Plaintiff's prayer for relief.

## COUNT IV

159. Defendants reallege and incorporate the responses above as if fully set forth herein.

160. Defendants deny Paragraph 160.

161. Defendants deny Paragraph 161.

162. Defendants deny Paragraph 162 and Plaintiff's prayer for relief.

## COUNT V

12

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 8/7/2020 4:57 PM
Envelope: 2697565
Reviewer: Lindsay Z.

163. Defendants reallege and incorporate the responses above as if fully set forth herein.

164. Defendants deny Paragraph 164.

165. Defendants assert that Paragraph 165 speaks for itself. Further, Defendants deny that any violations occurred.

166. Defendants deny Paragraph 166.

167. Defendants deny Paragraph 167.

168. Defendants deny Paragraph 168.

169. Defendants deny Paragraph 169 and Plaintiff's prayer for relief.

## COUNT VI

170. Defendants reallege and incorporate the responses above as if fully set forth herein.

171. Defendants deny Paragraph 171.

172. Defendants deny Paragraph 172.

173. Defendants assert that Paragraph 173 speaks for itself. Further, Defendants deny that any violations occurred.

174. Defendants deny Paragraph 174.

175. Defendants deny Paragraph 175 and Plaintiff's prayer for relief.

## COUNT VII

176. Defendants reallege and incorporate the responses above as if fully set forth herein.

177. Defendants deny Paragraph 177.

178. Defendants assert that Paragraph 178 speaks for itself. Further, Defendants deny that any violations occurred.

179. Defendants deny Paragraph 179 and Plaintiff's prayer for relief.

## COUNT VIII

13

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 8/7/2020 4:57 PM
Envelope: 2697565
Reviewer: Lindsay Z.

Case 1:20-cv-00359-WES-PAS    Document 2-1    Filed 08/17/20    Page 113 of 116 PageID #: 235

180.    Defendants reallege and incorporate the responses above as if fully set forth herein.

181.    Defendants deny Paragraph 181.

182.    Defendants assert that Paragraph 182 speaks for itself. Further, Defendants deny that any violations occurred.

183.    Defendants deny Paragraph 183 and Plaintiff's prayer for relief.

## COUNT IX

184.    Defendants reallege and incorporate the responses above as if fully set forth herein.

185.    Defendants deny Paragraph 185.

186.    Defendants deny Paragraph 186.

187.    Defendants assert that Paragraph 187 speaks for itself. Further, Defendants deny that any violations occurred.

188.    Defendants deny Paragraph 188 and Plaintiff's prayer for relief.

## COUNT X

189.    Defendants reallege and incorporate the responses above as if fully set forth herein.

190.    Defendants deny Paragraph 190.

191.    Defendants deny Paragraph 191.

192.    Defendants assert that Paragraph 192 speaks for itself. Further, Defendants deny that any violations occurred.

193.    Defendants deny Paragraph 193.

194.    Defendants deny Paragraph 194 and Plaintiff's prayer for relief.

## COUNT XI

195.    Defendants reallege and incorporate the responses above as if fully set forth herein.

196.    Defendants deny Paragraph 196.

14

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 8/7/2020 4:57 PM
Envelope: 2697565
Reviewer: Lindsay Z.

197.    Defendants assert that Paragraph 197 speaks for itself. Further, Defendants deny that any violations occurred.

198.    Defendants deny Paragraph 198.

199.    Defendants deny Paragraph 199 and Plaintiff's prayer for relief.

## COUNT XII

200.    Defendants reallege and incorporate the responses above as if fully set forth herein.

201.    Defendants deny Paragraph 201.

202.    Defendants assert that Paragraph 202 speaks for itself. Further, Defendants deny that any violations occurred.

203.    Defendants deny Paragraph 203 and Plaintiff's prayer for relief.

## COUNT XIII

204.    Defendants reallege and incorporate the responses above as if fully set forth herein.

205.    Defendants deny Paragraph 205.

206.    Defendants assert that Paragraph 206 speaks for itself. Further, Defendants deny that any violations occurred.

207.    Defendants deny Paragraph 207 and Plaintiff's prayer for relief.

## COUNT XIV

208.    Defendants reallege and incorporate the responses above as if fully set forth herein.

209.    Defendants deny Paragraph 209.

210.    Defendants deny Paragraph 210.

211.    Defendants assert that Paragraph 211 speaks for itself. Further, Defendants deny that any violations occurred.

212.    Defendants deny Paragraph 212 and Plaintiff's prayer for relief.

15

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 8/7/2020 4:57 PM
Envelope: 2697565
Reviewer: Lindsay Z.

Case 1:20-cv-00359-WES-PAS    Document 2-1    Filed 08/17/20    Page 115 of 116 PageID #: 237

## JURY DEMAND

Defendant acknowledges that Plaintiff requests a trial by jury.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Any violation, if it occurred, was the result of a bona fide error.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are the result of the actions of third parties over whom Defendants have no control.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were pre-existing damages not caused by Defendants.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff proximately caused his own damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim against Defendants upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered a concrete, injury-in-fact.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant's assert that this action is brought in bad faith and for the purpose of harassment.  15 U.S.C. § 1692k(a)(3).

WHEREFORE, PREMISES CONSIDERED, Defendants SEQUIUM ASSET

16

Case Number: WC-2020-0285
Filed in Washington County Superior Court
Submitted: 8/7/2020 4:57 PM
Envelope: 2697565
Reviewer: Lindsay Z.

SOLUTIONS, LLC, AND GREGORY E. SCHUBERT, AND SHANTAL JACKSON respectfully request that Plaintiff take nothing herein, that Defendants be dismissed with their costs, and all other and further relief, at law or in equity, to which Defendants may be justly entitled.

<div style="margin-left:50%">

Respectfully submitted,

SEQUIUM ASSET SOLUTIONS, LLC, AND GREGORY E. SCHUBERT, AND SHANTAL JACKSON
By its attorneys,

Timothy O. Egan
Timothy O. Egan #9239
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Avenue, 6th Floor
Boston, MA 02210
(617) 951-2100
tegan@peabodyarnold.com

</div>

Date: <u>August 7, 2020</u>

<div style="text-align:center">

**<u>CERTIFICATE OF SERVICE</u>**

</div>

I hereby certify that a true and correct copy of the above and foregoing has been served on the following via CM/ECF and email service on this 7th day of August, 2020.

<div style="margin-left:50%">

Timothy O. Egan

</div>

1793296_1
16021-206435

<div style="text-align:center">17</div>