UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHRISTOPHER LACCINOLE
*Plaintiff*

Vs.

C.A. NO.: 1:20-cv-00359-WES-PAS

Sequium Asset Solutions, LLC
&
Gregory E. Schubert
&
Shantal Jackson
&
Verizon New England Inc.,
&
Verizon Online LLC,
&
Verizon Wireless (VAW) LLC,
&
Randy Williams
&
Steven Monda
&
William Strang
&
Arthur P. Hendricks
&
Richard Hollerbach
&
DOES 1-5, inclusive
*Defendants*

RECEIVED

JAN 5 2021

U.S. DISTRICT COURT
DISTRICT OF R.I.

JURY TRIAL REQUESTED

FIRST AMENDED COMPLAINT

I. INTRODUCTION

This is a civil action seeking remedy for criminal violations under multiple Rhode Island state consumer protection statutes. Plaintiff, a consumer, was harassed by debt collectors with robocalls for a debt he never owed. Plaintiff is an identity theft victim and is regularly harassed by companies like Sequium Asset Solutions, LLC ("Sequium") who seek

1

to profit from the misery of consumers who are trapped in the web of identity theft.

This case raises multiple criminal issues. None of the defendants are registered to collect debt in the State of Rhode Island as required by RIGL § 19-14.9-12. The Rhode Island Fair Debt Collection Practices Act criminalizes unregistered debt collection with fines and imprisonment for up to one year.[1]

Sequium's concerted criminal conduct in Rhode Island, spanning at least five years, constitutes unlawful debt collection and racketeering. The Rhode Island Racketeer Influenced and Corrupt Organizations Act (RICO) provides for substantial criminal and civil asset forfeiture in addition to cumulative remedies.[2] Sequium was collecting debt for Verizon and Plaintiff pursues Verizon under a Respondeat Superior theory of liability.

Plaintiff had to send Sequium a certified letter telling Sequim to stop calling Plaintiff because Sequium had the wrong number. Plaintiff also asked Sequium to validate any debt alleged to be owed and Sequium refused to validate any debt. Plaintiff doesn't have any account or any business relationship with Sequium whatsoever. Sequium has a long history of harassing consumers who don't owe them money. As of the time of filing of this Complaint, the Better Business Bureau lists 594 complaints for Sequium in the last three years.[3] The Consumer Financial Protection Bureau has received over 525 complaints about Sequium. Federal Court records at Pacer.gov indicate that Sequium has been sued in federal courts over 60 times in just the last three years for consumer protection violations. Gregory Schubert ("Schubert") is the President of Sequium, and he manages Sequium's illicit operations. Shantal Jackson ("Jackson") is the Sequium Corporate Compliance

---

[1] See RIGL § 19-14.9-13(1).
[2] See RIGL § 7-15 *et seq.*
[3] https://www.bbb.org/us/ga/marietta/profile/collections-agencies/sequium-asset-solutions-llc-0443-27710559; Accessed December 14, 2020.

Officer who ensures compliance (or lack thereof) with Rhode Island law for Sequium. Since 2016, Schubert filed paperwork in Rhode Island soliciting the right to collect debt. Randy Williams, Steven Monda, William Strang, Arthur P Hendricks, and Richard Hollerbach are managers of Sequium and are involved in the operations of Sequium.

1.   The Plaintiff brings this action alleging that the Defendants Sequium, Schubert, Jackson, Williams, Monda, Strang, Hendricks, Hollerbach, and Does 1-5 engaged in harassing, abusive, and prohibited conduct while attempting to collect an alleged debt for Verizon in violation of the Rhode Island Fair Debt Collection Practices Act, RIGL § 19-14.9, *et seq.* (hereinafter "RI FDCPA"). The Plaintiff seeks statutory damages, actual damages, injunctive relief, costs, and attorney's fees for each Defendant under the RI FDCPA, and RIGL § 9-30-2.

2.   The Plaintiff also alleges that Defendants' conduct while attempting to collect the alleged debt constituted a deceptive practice in violation of the Rhode Island Deceptive Trade Practices Act, RIGL § 6-13.1 *et seq.* (hereinafter "DTPA"). The Plaintiff seeks statutory damages, actual damages, costs, attorney's fees, injunctive relief, and punitive damages for each Defendant under the DTPA.

3.   The Plaintiff also alleges that Defendants' conduct violated Plaintiff's right to privacy under RIGL § 9-1-28.1 *et seq.* The Plaintiff seeks actual damages, costs, attorney's fees, and injunctive relief from each Defendant under the statute.

4.   Plaintiff seeks Declaratory Relief under the Rhode Island Uniform Declaratory Judgments Act (RIGL § 9-30-1) that Defendants cannot collect debt in Rhode Island without being registered as a debt collector with the Rhode Island Department of Business Regulation.

3

5. The Plaintiff also alleges that Defendants' conduct violates Rhode Island's RICO Act at RIGL § 7-15 *et seq.* Plaintiff seeks injunctive relief to include divestiture and dissolution of Defendants' scheme. Plaintiff further seeks treble damages, costs, and attorney fees.

6. The Plaintiff also alleges that he is a victim of Defendants' crimes and offenses. Plaintiff seeks damages under RIGL § 9-1-2 for civil liability for crimes and offenses.

7. Any violations by Defendants were knowing, willful, intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## II. PARTIES

8. The Plaintiff is an adult resident, of the Town of Narragansett, County of Washington, State of Rhode Island.

9. Plaintiff has never had a business relationship with Sequium.

10. Plaintiff is a consumer as that term is defined by RIGL § 19-14.9-3(1).

11. Plaintiff is a person as that term is defined or referenced by RIGL § 19-14.9-6.

12. Plaintiff is a person as that term is defined or referenced by RIGL § 6-13.1-5.2, RIGL § 9-1-28.1.

13. As a consumer, Plaintiff purchased a cellular telephone for personal and household use.

14. In purchasing his cellular telephone and cellular telephone service, Plaintiff—as a natural person—became obligated or allegedly obligated to pay a debt to the cellular telephone service provider.

15. Plaintiff's cellular telephone has a limited minutes plan, so that when Sequium calls Plaintiff, it depletes the minutes on Plaintiff's plan.

16. Upon information and belief, Defendant Sequium is a national collection agency formed and headquartered in the State of Georgia.

17. The principal purpose of Sequium is the collection of debts using the mails and telephone and other means.

18. Sequium regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

19. Sequium is a "debt collector" as that term is defined by RIGL § 19-14.9-3 (5).

20. Sequium operates as a debt collector in the State of Rhode Island, and is not registered through the Rhode Island Department of Business Regulations to conduct business in the State of Rhode Island.

21. Upon information and belief, Sequium may be served upon its registered agent in the State of Rhode Island, to wit: Registered Agent Solutions, Inc., 222 Jefferson Boulevard, Suite 200, Warwick, RI 02888.

22. Gregory Schubert is a natural person who works in Georgia.

23. Schubert is the President of Sequium.

24. Upon information and belief, Schubert directs Sequium company policies. Schubert directly or indirectly instructed the employees of Sequium to act in the manner they acted when attempting collections from Plaintiff as described in the paragraphs herein.

25. Schubert regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the

5

money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

26. Schubert uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

27. Schubert is a "debt collector" as that term is defined by RIGL § 19-14.9-3 (5).

28. Schubert can be served wherever he may be found in accordance with Rhode Island or Georgia law.

29. In 2016, 2017, 2018, and 2019, Schubert reported to the Rhode Island Secretary of State that Sequium was engaged in collection efforts in the State of Rhode Island. (See Exhibit A for Sequium filings in 2016, 2017, 2018 and 2019—all of which were signed by Gregory Schubert).

30. Shantal Jackson is a natural person who works in Georgia.

31. Jackson is a Corporate Compliance Officer who works for Sequium.

32. Upon information and belief, Jackson acts on behalf of Sequium before other State Governments, including but not limited to the State of Texas. Jackson directly or indirectly instructed the employees of Sequium to act in the manner they acted when attempting collections in Rhode Island as described in the paragraphs herein.

33. Jackson regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

34. Jackson engages in soliciting the right to collect or receive payment for another of an account, bill, or other indebtedness, or advertise for or solicit in print the right to

6

collect or receive payment for another of an account, bill, or other indebtedness.

35. Jackson uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

36. Jackson is a "debt collector" as that term is defined by RIGL § 19-14.9-3 (5).

37. Jackson can be served wherever she may be found in accordance with Rhode Island or Georgia law.

38. Upon information and belief, Sequium was attempting to collect debt for Verizon.

39. Upon information and belief, Verizon New England Inc. provides, *inter alia,* Cable TV services to Rhode Island consumers.

40. Upon information and belief, Verizon New England Inc. may be served upon its registered agent in the State of Rhode Island, to wit: CT Corporation System at 450 Veterans Memorial Parkway, Suite 7A, East Providence, RI 02914.

41. Upon information and belief, Verizon Online LLC provides, *inter alia,* internet services to Rhode Island consumers.

42. Upon information and belief, Verizon Online LLC may be served upon its registered agent in the State of Rhode Island, to wit: CT Corporation System at 450 Veterans Memorial Parkway, Suite 7A, East Providence, RI 02914.

43. Upon information and belief, Verizon Wireless (VAW) LLC provides, *inter alia,* wireless mobile network services to Rhode Island consumers.

44. Upon information and belief, Verizon Wireless (VAW) LLC may be served upon its registered agent in the State of Rhode Island, to wit: CT Corporation System at 450 Veterans Memorial Parkway, Suite 7A, East Providence, RI 02914.

45. Defendants Williams, Monda, Strang, Hendricks, and Hollerbach are natural

7

persons who work in Georgia.

46. Defendants Williams, Monda, Strang, Hendricks, and Hollerbach work for Sequium as Managers.

47. Upon information and belief, Williams, Monda, Strang, Hendricks, and Hollerbach act on behalf of Sequium before other State Governments, including but not limited to the Commonwealth of Massachusetts. Williams, Monda, Strang, Hendricks, and Hollerbach directly or indirectly instructed the employees of Sequium to act in the manner they acted when attempting collections in Rhode Island as described in the paragraphs herein.

48. Upon information and belief, Williams, Monda, Strang, Hendricks, and Hollerbach regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

49. Upon information and belief, Williams, Monda, Strang, Hendricks, and Hollerbach engage in soliciting the right to collect or receive payment for another of an account, bill, or other indebtedness, or advertise for or solicit in print the right to collect or receive payment for another of an account, bill, or other indebtedness.

50. Upon information and belief, Williams, Monda, Strang, Hendricks, and Hollerbach use interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

51. Upon information and belief, Williams, Monda, Strang, Hendricks, and Hollerbach are "debt collectors" as that term is defined by RIGL § 19-14.9-3 (5).

8

52. Williams, Monda, Strang, Hendricks, and Hollerbach can be served wherever they may be found in accordance with Rhode Island or Georgia law.

53. Doe #1 is Sequium operator JSIRK, who attempted to collect debt by calling Plaintiff's cellular telephone. Plaintiff will undergo discovery to determine the identity of this Defendant for service of process.

54. Doe #2 is Sequium operator LGATES, who attempted to collect debt by calling Plaintiff's cellular telephone. Plaintiff will undergo discovery to determine the identity of this Defendant for service of process.

55. Doe #3 is Sequium operator MICHELLEA, who attempted to collect debt by calling Plaintiff's cellular telephone. Plaintiff will undergo discovery to determine the identity of this Defendant for service of process.

56. Doe #4 is Sequium operator COURTNEYM, who attempted to collect debt by calling Plaintiff's cellular telephone. Plaintiff will undergo discovery to determine the identity of this Defendant for service of process.

57. Doe #5 is Sequium operator ZATARIKAM, who attempted to collect debt by calling Plaintiff's cellular telephone. Plaintiff will undergo discovery to determine the identity of this Defendant for service of process.

58. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

### III. FACTUAL ALLEGATIONS

59. At all times relevant to this Complaint, Defendants were engaged in the business of regularly collecting Debts, originally owed to Verizon.

60. At all times relevant to this Complaint, all Defendants (with exception of Verizon) acted as "Debt Collectors" as defined by the RI FDCPA at RIGL § 19-14.9-3.

61. Plaintiff does not owe any Defendant any money.

62. Sequium acted at all times mentioned herein through its employee(s), including but not limited to Gregory Schubert, Shantal Jackson, Randy Williams, Steven Monda, William Strang, Arthur P Hendricks, and Richard Hollerbach and Does 1-5.

63. In 2019, Plaintiff purchased a phone and prepaid phone service plan.

64. As part of the plan that Plaintiff purchased, there are a limited number of minutes available on the plan.

65. On March 23, 2020, Plaintiff received a call from 401 406 5025.

66. When Plaintiff answered the call, there was dead air for eleven (11) seconds before Plaintiff heard a click and then an operator started talking.

67. The operator identified herself as "Sequium Asset Solutions."

68. The operator asked to speak to "Cheryl Eckhart."

69. Plaintiff does not know anyone named Cheryl Eckhart or anyone with a name that sounds like Cheryl Eckhart.

70. Plaintiff subsequently discovered that Sequium Asset Solutions is a debt collector.

71. Sequium continued to call Plaintiff.

72. On March 28, 2020, Plaintiff sent a certified letter (return receipt requested) to Sequium Asset Solutions at 1130 Northchase Parkway, Suite 150, Marietta, GA 30067.

73. In Plaintiff's letter, Plaintiff provided his name, telephone number, and full mailing address.

74. In Plaintiff's letter, he stated, *"All calls are inconvenient. Please don't call me. You have the wrong number."*

75. Sequium received and signed for Plaintiff's letter on April 6, 2020.

76. Upon information and belief, Sequium uses the phone number 401 406 5025 to contact consumers such as Plaintiff.

77. Upon information and belief, Sequium uses the phone number 401 406 5744 to contact consumers such as Plaintiff.

78. Upon information and belief, Sequium uses the phone number 401 406 5846 to contact consumers such as Plaintiff.

79. Plaintiff does not have an account with Sequium.

80. Plaintiff has no pre-existing business relationship with Sequium and never requested by an agreement or otherwise that he be contacted.

81. In the letter that Plaintiff sent to Sequium, Plaintiff disputed any debt, and Plaintiff asked Sequium to validate any debt.

82. Sequium never validated any debt to Plaintiff.

83. Plaintiff never provided his consent to Sequium to be contacted on his cellular telephone.

84. Upon information and belief, Sequium was collecting an account for Verizon.

85. Plaintiff's phone number is part of the national Do Not Call registry.

86. Sequium's calls directly interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff a significant amount of anxiety, frustration and annoyance.

87. It is unfair for Sequium to call Plaintiff and deplete the minutes in Plaintiff's cell

phone plan when Sequium did not have consent to call Plaintiff.

88. The telephone calls to Plaintiff's cellular telephone number were not initiated for an emergency purpose.

89. Defendants do not maintain a written policy for maintaining a do-not-call list.

90. Defendants have not informed and trained personnel engaged in making calls on the use of the do-not-call list.

91. Plaintiff incurred damages as a result of Defendants' unlawful conduct.

92. Defendants' phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

93. Defendants' phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

94. Defendants' phone calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

95. Defendants harassed Plaintiff by incessantly calling Plaintiff's telephone.

96. Defendants' phone calls harmed Plaintiff by causing Plaintiff aggravation and annoyance.

97. Defendants' phone calls harmed Plaintiff by wasting Plaintiff's time.

98. Defendants' phone calls harmed Plaintiff by depleting the battery life on Plaintiff's cellular telephone.

99. Defendants' phone calls harmed Plaintiff by using minutes allocated to Plaintiff by Plaintiff's cellular telephone service provider.

100. Defendants' phone calls harmed Plaintiff by using data storage space in Plaintiff's cellular telephone.

101. At all times relevant to this Complaint, Defendants were subject to the Rhode Island

FDCPA registration requirement at RIGL § 19-14.9-12.

102. When the Defendants used at least three different Rhode Island phone numbers to contact Plaintiff, Sequium was not registered with the Rhode Island Department of Business Regulation to engage in the business of collecting or receiving payment for a debt in Rhode Island.

103. In the year preceding the filing of this lawsuit, Sequium was not registered with the Rhode Island Department of Business Regulation to engage in the business of debt collection in Rhode Island.

104. Sequium's failure to be registered means it failed to comply with the registration requirements contained in Rhode Island General Law 19-14.9-12.

105. Because it failed to submit itself to the registration process, the State of Rhode Island was deprived of its authority to determine the suitability of Sequium to engage in the business of collecting or receiving payment for debts in Rhode Island from Rhode Island residents.

106. Upon information and belief, Verizon contracted with Sequium to collect debt in the State of Rhode Island while Sequium was not registered to collect debt.

107. Where Rhode Island criminalizes unregistered debt collection at RIGL § 19-14.9-13, the activities of Sequium, Gregory Schubert, Shantal Jackson, Randy Williams, Steven Monda, William Strang, Arthur P Hendricks, Richard Hollerbach and Verizon constitute criminal acts.

108. Verizon benefits from Sequium's criminal behavior.

109. Defendants repeatedly called Plaintiff in violation of Rhode Island law in a pattern of unlawful debt collection.

13

110. Sequium, Gregory Schubert, and Shantal Jackson, Randy Williams, Steven Monda, William Strang, Arthur P Hendricks, and Richard Hollerbach and Verizon engaged in an enterprise of a racketeering activity through collection of an unlawful debt to directly or indirectly acquire or maintain interest in or control of their enterprise.

111. Sequium, Verizon, and Sequium's employees (including but not limited to Gregory Schubert, Shantal Jackson, Randy Williams, Steven Monda, William Strang, Arthur P Hendricks, and Richard Hollerbach) participated in the conduct of the affairs of the enterprise through racketeering activity or collection of an unlawful debt.

## IV. STATUTORY STRUCTURE RHODE ISLAND FDCPA

112. The Rhode Island Fair Debt Collection Practices Act ("RI FDCPA") was passed by the Rhode Island General Assembly to establish standards, by defining unfair or deceptive acts or practices, for the collection of debts from Rhode Island consumers, and to establish requirements for the registering and supervision of debt collection. RIGL § 19-14.9-2.

113. Under the RI FDCPA, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.  RIGL § 19-14.9-5(1).

114. Under the RI FDCPA, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer.  RIGL § 19-14.9-5(2).

115. Under the RI FDCPA, if a consumer notifies a debt collector in writing that the

consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt. RIGL § 19-14.9-5(2).

116.   Under the RI FDCPA, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. RIGL § 19-14.9-6.

117.   Under the RI FDCPA, a debt collector may not cause a telephone to ring or engage any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. RIGL § 19-14.9-6(d).

118.   Under the RI FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. RIGL § 19-14.9-7.

119.   Under the RI FDCPA, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. RIGL § 19-14.9-8.

120.   Under the RI FDCPA, within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(a) the amount of the debt;

(b) the name of the creditor to whom the debt is owed;

(c) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(d) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(e) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

RIGL § 19-14.9-9 (1).

121. Under the RI FDCPA, if the consumer notifies the debt collector in writing within the thirty-day period described in subsection (1)(d) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

RIGL § 19-14.9-9 (2).

122. Under the RI FDCPA, the persons engaging in the collection of debts on behalf of another must register by submitting a written application form to the State of Rhode Island. RIGL § 19-14.9-12.

123. Under the RI FDCPA, any person who engages in the business of a debt collector without a registration as required by § 19-14.9-12 of this chapter, shall, upon

conviction, be fined not more than two thousand dollars ($2,000) or imprisoned not more than one year, or both.  RIGL § 19-14.9-13(1).

124.   Under the RI FDCPA, any debt collector who fails to comply with the provisions of the RI FDCPA is liable for any actual damages sustained; statutory damages up to $1,000; attorney fees as determined by the Court and costs of this action. RIGL § 19-14.9-13.

## V. STATUTORY STRUCTURE RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT

125.   The Rhode Island Deceptive Trade Practices Act was passed to declare as unlawful the "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."  RIGL § 6-13.1-2.

126.   Under the Rhode Island Deceptive Trade Practices Act, a "person" means natural persons, corporations, and any other legal entity.  RIGL § 6-13.1-1 (3).

127.   Under the Rhode Island Deceptive Trade Practices Act, "trade" and "commerce" mean the sale or distribution of any services and any property, tangible or intangible, real, personal, or mixed, and any other article, commodity, or thing of value wherever situate, and include any trade or commerce directly or indirectly affecting the people of Rhode Island.  RIGL § 6-13.1-1 (5).

128.   Under the Rhode Island Deceptive Trade Practices Act, unfair methods of competition and unfair or deceptive acts or practices include (but are not limited to) any one or more of the following:

   a.  Engaging in any other conduct that similarly creates a likelihood of confusion or of misunderstanding [RIGL § 6-13.1-1 (6) (xii)].
   b.  Engaging in any act or practice that is unfair or deceptive to the consumer [RIGL § 6-13.1-1 (6) (xiii)].
   c.  Using any other methods, acts or practices which mislead or deceive members

17

of the public in a material respect [RIGL § 6-13.1-1 (6) (xiv)].

129. The Rhode Island Deceptive Trade Practices Act does not define consumer. RIGL § 6-13.1-1.

130. The remedies available under the Rhode Island Deceptive Trade Practices Act are available to "any person" and are not limited to consumers. RIGL § 6-13.1-5.2.

131. The remedies available under the Rhode Island Deceptive Trade Practices Act are available to "any person" and do not require a vendor-consumer relationship. RIGL § 6-13.1-5.2.

132. Under the Rhode Island Deceptive Trade Practices Act, any person who purchases or leases goods or services primarily for personal, family, or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act, or practice declared unlawful by § 6-13.1-2, may bring an action under the rules of civil procedure in the superior court of the county in which the seller or lessor resides; is found; has his or her principal place of business or is doing business; or in the superior court of the county as is otherwise provided by law, to recover actual damages or two hundred dollars ($200), whichever is greater. The court may, in its discretion, award punitive damages and may provide other equitable relief that it deems necessary or proper. RIGL § 6-13.1-5.2(a).

## VI. STATUTORY STRUCTURE RIGHT TO PRIVACY

133. Under RIGL § 9-1-28.1, it is the policy of this state that every person in this state shall have a right to privacy which shall be defined to include, *inter alia*, the right to be secure from unreasonable intrusion upon one's physical solitude or seclusion.

## COUNT I – RHODE ISLAND DTPA

134. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

135. Defendants violated the restrictions the RI DTPA imposes on them prohibiting Defendants from using unfair and deceptive practices in violation of Rhode Island General Law § 6-13.1 *et seq.*

136. Defendants engaged in false representation or deceptive means to obtain money from a consumer.

137. Defendants engaged in criminal means to obtain money from a consumer.

138. By calling Plaintiff's personal cellular telephone repeatedly, Defendants caused Plaintiff to incur charges to his personal cellular telephone plan, and depleted the minutes available in his plan.

139. Defendants' actions were unfair to Plaintiff where Plaintiff had to go out of his way to tell Defendants to stop calling him and to stop the charges from Sequium to accrue to Plaintiff's cellular telephone plan.

140. Defendants' actions or transactions are not permitted by the Rhode Island department of business regulation.

141. As a result of such conduct and actions, the Plaintiff has suffered actual damages, in an amount to be determined by the court, and he may recover therefore pursuant to Rhode Island General Law § 6-13.1-5.2.

142. Such conduct and actions of Defendants were criminal, willful, egregious, wicked, and, as a result, the Plaintiff is entitled to punitive damages pursuant to Rhode Island General Law § 6-13.1-5.2.

143.   The Plaintiff is entitled to an award of attorney's fees pursuant to Rhode Island General Law § 6-13.1-5.2.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 6-13.1-5.2;
2) Statutory Damages against Defendants in the amount of $200 for each violation of the Rhode Island Deceptive Trade Practices Act pursuant to RIGL § 6-13.1-5.2;
3) Punitive Damages pursuant to RIGL § 6-13.1-5.2;
4) Costs and attorney fees pursuant to RIGL § 6-13.1-5.2;
5) Declaratory Relief that Defendants violated the Rhode Island Deceptive Trade Practices Act;
6) Injunctive Relief to refer the Court's findings to the Rhode Island Attorney General for prosecution and forfeiture under RIGL § 6-13.1-5, RIGL § 6-13.1-5.2(c), RIGL § 6-13.1-7, and RIGL § 6-13.1-9.
7) Such other relief as the Court may deem just and appropriate.

## COUNT II – RIGHT TO PRIVACY

144.   The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

145.   Defendants violated the restrictions the privacy statute imposes on them prohibiting Defendants from invading Plaintiff's privacy in violation of Rhode Island General Law § 9-1-28.1 *et seq.*

146.   As a result of such conduct and actions, the Plaintiff has suffered actual damages, in an amount to be determined pursuant to Rhode Island General Law § 9-1-28.1.

147.   The Plaintiff is entitled to an award of attorney's fees pursuant to Rhode Island General Law § 9-1-28.1.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 9-1-28.1;
2) Costs and attorney fees pursuant to RIGL § 9-1-28.1;
3) Declaratory Relief that Defendants invaded Plaintiff's privacy.
4) Injunctive Relief to restrain and enjoin Defendants from violating Plaintiff's privacy.

5) Such other relief as the Court may deem just and appropriate.

## COUNT III - RI FDCPA – Communication in connection with debt collection

148.   The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

149.   Defendants violated the restrictions the RI FDCPA imposes on them prohibiting Defendants from communicating to a consumer when Defendants know it is not convenient to the consumer.

150.   Defendants violated the restrictions the RI FDCPA imposes on them prohibiting Defendants from communicating regarding the collection of a debt with any person other than the consumer.

151.   The restrictions are codified at RIGL § 19-14.9-5.

152.   Defendants harassed and abused Plaintiff in connection with the collection of a debt.

153.   The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
2) Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-13 (2)(b),
3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
4) Declaratory relief that the Defendants violated the RI FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

## COUNT IV - RI FDCPA – Abuse and Harassment

154.   The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

155.   Defendants violated the restrictions the RI FDCPA imposes on them prohibiting

Defendants from abusing and harassing persons.

156. The restrictions are codified at RIGL § 19-14.9-6.

157. Defendants harassed and abused Plaintiff in connection with the collection of a debt.

158. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
2) Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-13 (2)(b),
3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
4) Declaratory relief that the Defendants violated the RI FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

### COUNT V - RI FDCPA - False/Misleading Representations

159. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

160. Defendants violated the restrictions the RI FDCPA imposes on them prohibiting them from making false, deceptive, or misleading representations, including but not limited to acting as a debt collector without a proper registration.

161. The restrictions are codified at RIGL § 19-14.9-7.

162. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
2) Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-13 (2)(b),
3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
4) Declaratory relief that the Defendants violated the RI FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection

Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General for criminal prosecution under RIGL § 19-14.9-13(1)
8) Such other relief as the Court may deem just and appropriate.

## COUNT VI - RI FDCPA - Unfair Practices

163. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

164. Defendants violated the restrictions the RI FDCPA imposes on them prohibiting Defendants from using unfair or unconscionable means while attempting to collect a debt.

165. The restrictions are codified at RIGL § 19-14.9-8.

166. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
2) Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-13 (2)(b),
3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
4) Declaratory relief that the Defendants violated the RI FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

## COUNT VII - RI FDCPA - Validation

167. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

168. Defendants violated the restrictions the RI FDCPA imposes on them prohibiting Defendants from collecting a debt when Plaintiff disputed the debt and Defendants failed to mail Plaintiff verification of the debt.

23

169. Defendants violated the restrictions the RI FDCPA imposes on them mandating that Defendants provide Plaintiff a written notice within five days after initial communication with a consumer.

170. The restrictions are codified at RIGL § 19-14.9-9.

171. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
2) Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-13 (2)(b),
3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
4) Declaratory relief that the Defendants violated the RI FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

## COUNT VIII – CIVIL LIABILITY FOR CRIMES AND OFFENSES

172. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

173. Defendants engaged in criminal activity to harass Plaintiff.

174. As a result of such conduct and actions, the Plaintiff has suffered actual damages in an amount to be determined by the court, and he may recover therefore pursuant to Rhode Island General Law § 9-1-2.

175. Such conduct and actions of Defendants were willful and egregious.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 9-1-2;
2) Such other relief as the Court may deem just and appropriate.

24

## COUNT IX – RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS

176.    The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

177.    Defendants engaged in racketeering activity to harass Plaintiff.

178.    Defendants engaged in a pattern of unlawful debt collection activity to enrich their enterprise.

179.    As a result of such conduct and actions, the Plaintiff is entitled to treble damages, and he may recover therefore pursuant to Rhode Island General Law § 7-15-4(c).

180.    Such conduct and actions of Defendant were willful and egregious.

**Wherefore**, the Plaintiff requests judgment against Defendant for

1) Treble Damages pursuant to RIGL § 7-15-4(c);
2) Costs
3) Attorney Fees
4) Such other relief as the Court may deem just and appropriate.

## JURY DEMAND

Plaintiff requests a trial by jury on all Counts.

The Plaintiff,

*/s/ Christopher Laccinole*
Christopher M. Laccinole
23 Othmar St.
Narragansett, RI 02882
chrislaccinole@gmail.com

25

## CERTIFICATE OF SERVICE

The Plaintiff certifies that on December 21, 2020, he mailed a copy of the foregoing First Amended Complaint and exhibit by USPS certified return receipt mail to the mailing address of Defense Counsel at:

> Timothy O. Egan
> Peabody & Arnold LLP
> Federal Reserve Plaza
> 600 Atlantic Avenue, 6th Floor
> Boston, MA 02210

The Plaintiff,
Christopher Laccinole, pro se


*/s/ Christopher M. Laccinole*

Christopher M. Laccinole
23 Othmar St.
Narragansett, RI 02882
chrislaccinole@gmail.com